AICHE SILESS, Respondent, v. READING MAID HOSIERY MILLS, INC., Appellant.— Order denying defendant's motion to vacate and set aside the service of the summons and complaint on the grounds that the defendant is a foreign corporation and not transacting business within this State, and that the party served is not an officer, director or managing agent of the defendant corporation, affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. We are of opinion that on the undisputed facts the defendant was doing business in the State of New York to such an extent that it subjected itself to service of process. (*Tauza v. Susquehanna Coal Co.*, 220 N. Y. 259.) *Pennrich & Co. v. Juniata Hosiery Mills* (247 id. 592) is not controlling, for the reason that here the defendant's representative in New York, Hilton L. Epp, the party served, is a salesman in the regular employ of the defendant and not an independent salesman operating on a commission basis. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Carswell and Davis, JJ., dissent.

DANIEL SIVOLELLA, Respondent, v. FRESH AIR RECREATION CO., INC., Appellant.— Judgment for plaintiff in an action to recover damages for personal injuries sustained as the result of stepping on broken glass on the floor of defendant's bath house, of which he was a patron. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

LILLIAN TRAMPUSCH, as Administratrix, etc., of ALOIS TRAMPUSCH, Deceased, Respondent, v. ERNEST KASTNER and Others, Copartners, Doing Business under the Firm Name and Style of MARKOVITS BROS., Appellants.— Judgment as to the appellant Kastner unanimously affirmed, with costs. No opinion. Judgment against Markovits Bros. reversed on the law and a new trial granted, with costs to said appellants to abide the event. The written report by defendant Kastner to the Motor Vehicle Bureau (Defendant Kastner's Exhibit D) was a self-serving declaration and was erroneously received in evidence, and was prejudicial to defendants Markovits. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

TRUST COMPANY OF NORTH AMERICA, Respondent, v. A. HAMMER COOPERAGE CORPORATION, Appellant. (Appeal No. 1.) — Order appointing a receiver of certain property in an action in equity against defendant in its alleged fiduciary capacity as trustee under certain written agreements and trust receipts affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., not voting.

TRUST COMPANY OF NORTH AMERICA, Respondent, v. A. HAMMER COOPERAGE CORPORATION, Appellant. (Appeal No. 2.) — Order striking out five defenses and counterclaims from answer in an action in equity against defendant in its alleged fiduciary capacity under certain written agreements and trust receipts affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., not voting.