ZINIA MORINI et al., Respondents, v. THOMAS M. MURPHY et al., Defendants, and KATHERINE SURDI, as Executrix of JOHN SURDI, Deceased, et al., Appellants.— Action by plaintiff Zinia Morini to recover damages for personal injuries alleged to have been sustained when a taxicab owned and operated by the defendants Murphy struck the rear of an automobile operated by said plaintiff and owned by her husband, plaintiff Joseph Morini. Plaintiff husband sues to recover for medical expenses and loss of services. The collision is alleged to have been caused by the negligent operation of the taxicab and an automobile owned by defendant Surdi Homes, Inc., and alleged to have been operated by its president, John Surdi. The jury rendered a verdict for $25,000 in favor of plaintiff wife and for $6,000 in favor of plaintiff husband against all defendants. Defendants Surdi appeal from the judgment entered thereon. After the notice of appeal had been served and filed, defendant John Surdi died, and Katherine Surdi, his executrix, was substituted for him. Judgment insofar as it is in favor of respondents and against appellants reversed on the law and the facts, the action severed insofar as it is against defendants Murphy, and a new trial granted as to appellants, with costs to abide the event. The jury's verdict, insofar as it imports a finding that the deceased operator of the automobile of appellant Surdi Homes, Inc., was negligent and that his negligence was a proximate concurring cause of the accident, is against the weight of the credible evidence. In addition, it was error for the trial court to admit in evidence, as proof tending to establish appellants' negligence, the report to the Motor Vehicle Bureau made by defendant Thomas Murphy, the operator of the taxicab. (*Trampusch* v. *Kastner*, 242 App. Div. 803; *Newcomb* v. *Frink*, 278 App. Div. 998.) Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.