■ In the Matter of CONFESORA C. RUIZ et al., as Administratrices of the Estate of ISMAEL RUIZ, Deceased, Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to statute (Insurance Law, § 618), by petitioners, as the administratrices of a decedent's estate, for the court's permission to institute an action against the Motor Vehicle Accident Indemnification Corporation to recover damages for the decedent's wrongful death and for conscious pain and suffering, the corporation appeals from an order of the Supreme Court, Kings County, entered October 24, 1962 after a hearing, which, on reargument, granted the application. Order affirmed, with costs. No opinion. (Cf. *Matter of Ruiz* v. *MVAIC*, 19 A D 2d 832.) Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of the Estate of HENRY DOROSKI, Deceased. ROSE ROMANOWSKI, Respondent; ADAM DOROSKI, as Executor of HENRY DOROSKI, Deceased, Appellant.— In a proceeding to remove Adam Doroski as the executor under the last will and testament of Henry Doroski, deceased; to appoint the petitioner Rose Romanowski as administratrix, c. t. a., in his stead, and for alternative relief, "with costs against Adam Doroski, personally," the said executor, Adam Doroski, appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Suffolk County, entered January 30, 1963, as, in granting the petition and removing him and appointing the petitioner administratrix, c. t. a., imposed costs and disbursements upon him personally. Decree, insofar as appealed from, affirmed, with $10 costs and disbursements to respondent against appellant personally. The Surrogate's memorandum granting the application for removal of the executor Doroski, made no mention of costs and disbursements. The proposed decree, which was submitted on notice, contained a provision for costs and disbursements to be imposed upon the executor personally. The executor contends, *inter alia*, that because of section 440 of the Civil Practice Act, costs could not properly be imposed in the decree since costs had not been imposed in the " decision ". In our opinion, section 71 of the Surrogate's Court Act is the more appropriate section to be invoked, but neither section has a controlling application here because they both relate primarily to the rendition of a decision after a *trial* before the court without a jury. In the case under review there was no trial whatsoever, but colloquy only; and we do not regard the Surrogate's memorandum as such a decision. The Surrogate's " determination " was not pronounced until he had made the decree which awarded the costs and disbursements (see Surrogate's Ct. Act, § 78). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.