Frank S. Samansky, J.
Plaintiffs move pursuant to section 618 of the Insurance Law to bring in MVAIC as a party defendant in the action pending against the defendant Isaac Clark on the ground “ that the motor vehicle involved in the accident at the time of the accident was in the possession of some person other than the owner, without the owner’s consent and that the identity of such person cannot be ascertained. ’ ’
Plaintiff Bay Milstein alleges that she was injured when she was struck by a motor vehicle owned by the defendant Clark and operated by a person whose identity she is unable to ascertain.
The defendant Clark admits the ownership of the motor vehicle involved but denies operation and control, claiming that he was not operating the motor vehicle at the time of the accident and that it was operated by someone without his permission or consent, and that he also does not know and cannot ascertain the identity of that person. In the course of an examination before trial of the defendant Clark he testified that “ he went to South Carolina with two or three persons in someone else’s car to. visit some relatives and he left the day before the accident and did not return until several days after the accident. That * * * he left his own automobile, the one involved in the accident, parked in front of his house locked, and that if it was used it was done without his permission, as he had taken both keys to the automobile along with him ”. Plaintiff Bay Milstein, as a qualified person within the provisions of section 608 of the Insurance *843 Law, filed a timely notice of claim for her injuries with the MVAIC. Thereafter plaintiff instituted an action against Isaac Clark, the owner of the motor vehicle, to recover damages for the personal injuries sustained, due to the alleged negligence in the operation of the motor vehicle and included in said action is also a cause of action by plaintiff Max Milstein for loss of services and medical expenses caused as a result of the injuries sustained by his wife.
The papers submitted on this application reveal that at the time of the accident the police had issued a summons to the person who operated the car for being an unlicensed driver and that the person who drove the car gave his name as Isaac Clark, the name of the defendant. On the return day of .the summons, the defendant did not appear and a warrant was issued for his appearance. In response to the warrant the defendant appeared in court and his testimony was similar to that given upon the examination before trial and thereupon the charge against the defendant was dismissed, the court stating “ Somebody must have been driving your car and pretended it was you. Dismissed.”
On the basis of these facts plaintiff Bay Milstein now applies for leave to sue MVAIC and to join it as a party defendant in the instant action. MVAIC opposes the motion, indicating that pursuant to section 618 the MVAIC may he sued only in ‘ ‘ hit and run ’ ’ cases where ‘ ‘ the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained ’ ’. Since it is admitted that the motor vehicle identified was the motor vehicle involved in the accident and that the defendant was the owner thereof, the credibility and veracity of the owner as to the identity of the person who operated the motor vehicle at the time of the accident and whether the motor vehicle was operated by another person with the permission or consent of the defendant owner are issues which may only he determined upon a trial, when the defendant may he subjected to cross-examination.
The Court of Appeals has held that ‘ ‘ Proof of ownership is sufficient to establish prima facie that a custodian operating the car is engaged in the owner’s service. (Ferris v. Sterling, 214 N. Y. 249.) From such proof 1 a presumption arises that it was in use for his benefit, and on his account. ’ (Norris v. Kohler, 41 N. Y. 42, 44.) 1 The presumption * * * however, remains only so long as there is no substantial evidence to the contrary. ’ (Potts v. Pardee, 220 N. Y. 431, 433.) ” (St. Andrassy v. Mooney, 262 N. Y. 368, 370.) “No court has power to determine the truth or falsity of the evidence of these interested witnesses. Their credibility, even though their testimony may be uncontra *844 dieted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, was exclusively for the jury.” (Piwowarski v. Cornwell, 273 N. Y. 226, 229.)
In order to overcome this presumption, plaintiff must prosecute the action pending against the owner of the motor vehicle and presumed operator thereof. It is only after such prosecution is unsuccessful and the action determined in favor of the defendant, may plaintiff apply for leave to sue MVAIC pursuant to section 618 of the Insurance Law (Matter of Ruiz v. MVAIC, 19 A D 2d 832; Matter of Chocko v. MVAIC, 20 A D 2d 728).
In Davidson v. MV AIC (N. Y. L. J., Jan. 26, 1968, p. 20, col. 1), the court citing .the aforesaid cases decided by the Appellate Division, Second Department, stated in part as follows: “ Under the circumstances, the pending action against the registered owner and apparent operator of the vehicle should be prosecuted to a conclusion. If the action is unsuccessful for lack of identity of the driver, or if the action is successful but judgment is uncollectible for lack of insurance coverage, then only should leave to sue the MVAIC be considered ”.
In the instant action, there is no dispute as to the identity of the motor vehicle and of the owner thereof. The issue presented is whether plaintiffs have established to the satisfaction of the court that the defendant was not the operator of the vehicle involved or whether the vehicle was operated by a person without his knowledge or consent and that .the identity of the operator cannot be ascertained, despite plaintiffs’ reasonable efforts to do so. In view of the presumption and despite defendant’s denial, that issue may only be determined at a trial. The credibility of the interested witnesses must be left to a determination by a jury at the trial.
Plaintiff’s contention that she is proceeding under subdivision (c) of section 618 of the Insurance Law which reads as follows: “ When an action has been commenced in respect of the death or injury of any person arising out of the ownership, maintenance or use of a motor vehicle in this state the plaintiff shall be entitled to make the corporation a party thereto if the provisions of this section shall apply in any such case, and the plaintiff has made the application and the court has entered the order provided for in subdivision (a) of this section” is untenable, since on such application there must also be compliance with all the provisions of subdivision (a) of section 618, including the establishment to the satisfaction of the court that ‘1 all reasonable efforts have been made to ascertain the identity of the motor' vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and *845 operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established (par. [5])
The requirement of paragraph (5) of subdivision (a) of section 618 may only be determined on a trial of the action against the defendant now pending in this court. The relief now prayed for is premature. A denial of plaintiff’s motion does not leave plaintiff without a remedy in the event it is determined at the trial of this action that the defendant was not the operator of the motor vehicle at the time of the accident or that his motor vehicle was operated by a person whose identity cannot be ascertained. In such a case plaintiff may thereafter proceed in the manner provided in subdivision (b) of section 618 of the Insurance Law, which provides in part that the plaintiff may 1 ‘ within three months from the date of the entry of such judgment make application for authority to bring an action upon said cause of action against the corporation in the manner provided in this section
The application is denied without prejudice to a renewal after the determination of .the action now pending in this court upon compliance with section 618 of the Insurance Law.