J. Bertram Wegman, J.
This is a proceeding brought pursuant to statute (Insurance Law, § 618) by the executrix of the estate of a decedent, who seeks to recover damages for decedent’s wrongful death, for permission to institute an action therefor against Motor Vehicle Accident Indemnification Corporation (MVAIC).
It appears that late in the evening of December 3, 1967 the decedent, while walking across an intersection, was struck by a motor vehicle which did not stop. Decedent expired in the ambulance en route to the hospital.
The accident was reported to the police immediately after it occurred; the police arrived at the scene before the ambulance came. In accordance with the statute, the required report was made within 24 hours and on December 11 notice of intention to make claim against MVAIC was served. Petitioner, with the aid of the Police Department, made assiduous efforts to ascertain the identity of the motor vehicle, its owner and the operator thereof (cf. Matter of Chance v. MVAIC, 29 A D 2d 654).
As a result of the intensive investigation, a 1961 green Cadillac, which had been purchased by one Cecelia Lomonico of 224 Berry Street, Brooklyn, on November 1, 1967, was identified (at the police station, where it had been impounded) by a witness as the automobile which had struck decedent. The owner emphatically denied that her car was that vehicle; she stated that she had parked and locked her automobile some time prior to the accident; that when she went back to her car at a time subsequent to the accident, having remained in her home in the interim, she found it parked in exactly the same place where she had left it, and that, so far as she knew, it had not meanwhile been moved. She denied having given any one permission to use her car.
There was no identification of the operator of the motor vehicle at the time it struck decedent — indeed, it does not appear that any witness could say whether the car was then being driven by a man or a woman.
It appears that after the police investigation was concluded, the vehicle was returned by the police to its owner, Cecelia Lomonico, and that no action was taken against her by them. Petitioner has instituted an action against Cecelia Lomonico but seeks leave to sue MVAIC so that the actions may be consolidated and the issues disposed of in a single trial. MVAIC states that it is in no position to evaluate whether or not Cecelia Lomonico was the 1 ‘ hit-and-run ’ ’ motorist or whether *693 she allowed someone, who was involved, to nse the car. MVAIC cites two cases, Wachtelkenig v. MVAIC, (N. Y. L. J., July 13, 1967, p. 13, col. 2 [Kings County]) and Davidson v. MVAIC (N. Y. L. J., Jan. 26, 1968, p. 20, col. 1 [Kings County]), where leave to sue MVAIC was withheld pending completion of the lawsuit against a “ suspect ” such as Cecelia Lomonico allegedly is in the case at bar.
Since the argument of this application there have been two other decisions bearing on this question, Milstein v. Clarh (57 Misc 2d 842 [Samansky, J.]) and the other, Roberts v. Lapi (N. Y. L. J., Sept. 20, 1968, p. 2 col. 4 [Frank, J.]), in each of which it was held that leave to sue MVAIC should not be granted until the action against the owner of the suspected vehicle was prosecuted to a conclusion, and then only if plaintiff was unsuccessful for lack of identity of the owner or driver responsible. In each case it was held that the application for leave to sue was premature because it should not be entertained until after the action had been tried and it had been determined then that the defendant was not the operator of the motor vehicle at the time of the accident, that the motor vehicle was operated by a person whose identity was not ascertained and that the driver was not authorized by the owner to operate it.
My profound respect for the erudition and ability of my brothers Samansky and Frank makes -me reluctant indeed to disagree with either of them, and, even more so with both at once. But because it seems to me that to deny or, more accurately, to defer consideration of the granting of leave to sue MVAIC in circumstances such as those at bar would frustrate the very salutary statutory intent and the very purpose for which the Legislature created and funded MVAIC, I am constrained to reach a conclusion contrary to theirs.
MVAIC owes its existence to an act which starts (Insurance Law, § 600) with a declaration of purpose wherein, so far as here pertinent, it is said that the Motor Vehicle Financial Security Act ‘1 fails to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them, in that the act makes no provision for the payment of loss on account of injury to or death of persons who, through no fault of their own, were involved in motor vehicle accidents caused by * * * unidentified motor vehicles which leave the scene of an accident * * * motor vehicles operated without the permission of the owner * * *. The legislature determines that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon *694 them and that the public interest can best be served by closing such gaps in the motor vehicle financial security act through the incorporation and operation of the motor vehicle accident indemnification corporation ’ ’.
Section 618 of the Insurance Law, which is a part of the Motor Vehicle Accident Indemnification Corporation Act, provides that the court may permit a qualified applicant (such as petitioner here) to bring an action against MVAIC when the death of a person such as the decedent in the case at bar has been caused by the use of a motor vehicle “ but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner’s consent and that the identity of such person cannot be ascertained ” (italics supplied) and “when the court is satisfied * * * that * * * all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established ”, Subdivision (e) of the cited section provides that “ When an action has been commenced in respect of the death or injury of any person arising out of the ownership, maintenance or use of a motor vehicle in this state the plaintiff shall be entitled to make the corporation a party thereto if the provisions of this section shall apply in any such case, and the plaintiff has made the application and the court has entered the order provided for in subdivision (a) of this section
Mindful of the stated purpose of the statute and the precise language of subdivision (a) of section 618, it seems to me that subdivision (c) would be meaningless were the granting of leave to sue to be deferred until the conclusion of an action commenced as contemplated in subdivision (c).
It is a fundamental rule of statutory construction that the language of any statute must be interpreted in the light of its declared purpose. As I view it, that declared purpose can be accomplished only if subdivision (e) is interpreted as authorizing the granting of leave to sue MVAIC and the joining of MVAIC as a party to an action against the owner of a suspected vehicle when, as in the case at bar, the owner denies the involvement of her vehicle and the identification of that vehicle is less than conclusive; a fortiori when there is no identification whatsoever of the operator of the vehicle at the time of the *695 accident, and its operation by or with the consent of the owner is flatly denied.
If MVAIC is not joined as a defendant in the pending action, the plaintiff is placed in an unduly and unwarrantedly difficult position; there is the possibility that the jury in the action against the owner of the suspected vehicle may well return a verdict for the defendant on facts such as at bar, with the result that a judgment for costs may be entered against the plaintiff, after which it may eventuate, after leave is then granted to sue MVAIC that in such second action the jury may return a verdict again in favor of the defendant, being convinced by MVAIC that the owner who was absolved at the first trial should there have been held liable to plaintiff. The absence of MVAIC from the first trial would leave MVAIC unbound by the verdict therein, and therefore free to relitigate the issue.
In any event, there is grave and altogether unnecessary risk that, at the very least, plaintiff will be forced to the expense of two separate trials, and that the time of this court would be unnecessarily required to be expended in two separate jury trials instead of being conserved, without any prejudice to anyone and consonant with the clearly evinced statutory design that all of the issues be disposed of by a single trial. I cannot perceive how, in the light of the statutory declaration of purpose, it may fairly be said that the act was intended for the benefit of MVAIC rather than for the benefit of the innocent victim of a hit-and-run driver, but, surely, unless MVAIC may be joined so that all questions of liability can be adjudicated in a single action, the inevitable result of so interpreting the act is to benefit MVAIC and unduly burden the innocent victim of a hit-and-run driver.
Assuming arguendo that the evidence linking the Lomonico car to the accident may be regarded as “ substantial ” (Matter of Richard [MVAIC] , 23 A D 2d 922; Matter of Ruiz v. MVAIC, 19 A D 2d 832), there is no showing at all that any evidence whatsoever is or may be available to establish the identity of the operator of the vehicle at the time of the accident, nor anything at all in the way of proof that the owner knew the identity of that person or so much as knew of, let alone acquiesced in, the use of her automobile by whoever may have operated it when the decedent was struck down.
Accordingly, permission to sue MVAIC is granted, so that MVAIC may be joined as a defendant in the pending action, either directly or by consolidating a separate action against MVAIC with the pending action. Let petitioner have $20 motion costs.