■     RAY MILSTEIN et al., Appellants, v. ISAAC CLARK, Defendant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated September 17, 1968, which denied their motion to add respondent as a defendant, with leave to renew after determination of the action. Order reversed, on the law, with $10 costs and disbursements, and motion remitted to the Special Term for determination on the merits. No questions of fact have been considered. Section 618 of the Insurance Law expressly confers upon the court the power to proceed upon a motion such as the one in question in a summary manner and to make the requisite order if it is satisfied that the statutory requirements have been met. Cases such as *Piwowarski* v. *Cornwell* (273 N. Y. 226), which hold that the credibility of an owner's testimony

of unauthorized operation, even though uncontradicted, is for the trial jury, are obviously inapposite on this preliminary application and do not prevent Special Term from making the determination section 618 expressly requires it to make. If Special Term considers itself unable to resolve the issue on the papers alone, the matter should be set down for a hearing (cf. *Matter of Weinstein* v. *MVAIC*, 30 A D 2d 651; *Matter of O'Rourke* v. *MVAIC*, 29 A D 2d 938). Christ, Acting P. J., Rabin, Benjamin, Munder and Kleinfeld, JJ., concur. [57 Misc 2d 842.]