■ In the Matter of ERNESTINE SMITH, as Mother and Natural Guardian, of JEFFREY SMITH, an Infant, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In this proceeding pursuant to section 618 of the Insurance Law for leave to bring an action against appellant (MVAIC), the appeal is from an order of the Supreme Court, Kings County, dated June 6, 1969, which granted the application. Order affirmed, with $30 costs and disbursements. The injured infant petitioner was struck by a vehicle as he crossed a street. An action was brought by petitioners against a driver whose automobile registration plate number had been turned in to the police and also against one named as "John Doe". The driver testified at an examination before trial in that action that he had had nothing to do with the accident and that he had witnessed the actual occurrence as another vehicle two car lengths behind him, viewed by him through his rear view mirror, struck down the boy. That other car did not stop and has never been identified. No criminal charges were made against the driver whose plate number was reported. In the present application petitioners seek permission to sue MVAIC with the asserted purpose of thereafter joining MVAIC in the pending action pursuant to section 618 of the Insurance Law. We have held that section 618 expressly confers on the court the power to proceed in summary manner to grant such leave and to make the requisite order "if it is satisfied that the statutory requirements have been met" (*Milstein* v. *Clark*, 32 A D 2d 935). We are satisfied that all the conditions and prerequisites contained in section 618 have been sufficiently met so as to justify the granting of the application. No practical purpose would be served in a case such as this by remitting for new findings or a hearing. The findings implicit in this grant of leave to sue are made solely for the purposes of this application under section 618 of the Insurance Law and are in no way binding on the jury that ultimately must resolve the issues of liability. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ GEORGE MANDZYCH et al., Appellants, v. HAROLD T. KARL, Respondent.— In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered July 11, 1968 in favor of defendant upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact are affirmed. It was prejudicial error to receive in evidence the diagrammed conclusion of Officer Roodenburg in his accident report, based on his observations after the accident and statements by defendant, as to the point of impact (*Toll* v. *State of New York*, 32 A D 2d 47, 50; *Mahon* v. *Giordano*, 30 A D 2d 792, 793). It was also error to receive defendant's motor vehicle accident report, filed about 14 months after the accident, as a prior consistent statement (*Crawford* v. *Nilan*, 289 N. Y. 444, 450–451; cf. *Catapano* v. *Francis*, 31 A D 2d 650, 651; *Trampusch* v. *Kastner*, 242 App. Div. 803). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.