■ JESSIE BYRD, as Administrator of the Estate of KOWAN BYRD, Deceased, Appellant, v ROSE JOHNSON et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—In an action, inter alia, to recover damages for wrongful death, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated March 1, 1977, as denied the branch of her motion which sought leave to sue the Motor Vehicle Accident Indemnification Corporation (MVAIC). Order affirmed insofar as appealed from, without costs or disbursements. The issue in this case is whether, pursuant to section 618 of the Insurance Law, MVAIC should be joined as a party defendant when the deceased was a victim of a hit and run accident and there is some question as to the identity of the suspect vehicle. In determining this issue the court must determine whether, despite the plaintiff's reasonable efforts, the identity of the suspect motor vehicle, its owner and operator, cannot be established; or, if the motor vehicle had been operated without the owner's consent, that the identity of the operator cannot be established. This determination necessarily depends upon the particular circumstances of each case. Here, the papers contain substantial evidence which identifies the suspect vehicle, its owner and its operator. Witnesses have identified the suspect vehicle and the plaintiff concedes that the operator has been identified and placed at the scene of the accident. It is also conceded that the car was being operated with the consent of the owner. Under these circumstances, the plaintiff has not sustained her burden of showing that the identity of the motor vehicle, its owner and operator, cannot be established. Rather, there is substantial evidence linking the suspect vehicle to the accident and, therefore, MVAIC

is a speculative party which should not be joined at this juncture (see *Matter of Ruiz v MVAIC,* 19 AD2d 832; *Matter of Person v MVAIC,* 54 AD2d 580). The operator's contention that another vehicle struck the deceased raises a question of fact to be determined by the jury after a trial. In this case the denial is insufficient to negate the substantial evidence identifying the suspect vehicle. Nothing in this decision is intended to detract from the decision in *Matter of De Lorenzo v MVAIC* (59 Misc 2d 691, affd 33 AD2d 805). That decision correctly indicated that section 618 of the Insurance Law should be liberally construed for the benefit of the innocent victims of hit and run accidents. The risk that separate trials may result in inconsistent determinations to the needless detriment of the innocent victim, and in contravention of the general purposes of article 17-A of the Insurance Law, remains of great concern to this court. Therefore, as a general rule, MVAIC should be joined as a party defendant whenever there is a significant possibility that the suspect vehicle and its operator have not been, or cannot be, properly identified. In the *De Lorenzo* case *(supra),* there was no available evidence to establish the identity of the operator of the vehicle at the time of the accident. Furthermore, the identification of the vehicle was not conclusive and the owner denied that the vehicle had been operated at the time of the accident. Because of the lack of substantial evidence it was possible that the suspect vehicle and its operator could not be identified and therefore MVAIC was properly joined. However, in this case, the substantial evidence identifying the vehicle and its operator precludes any significant possibility that the vehicle could not be identified as envisioned by subdivision (c) of section 618 of. the Insurance Law. Therefore, MVAIC is a speculative party which should not now be joined. Latham, Titone and O'Connor, JJ., concur; Hopkins, J. P., dissents and votes to reverse the order insofar as it has been appealed from, and to grant the branch of plaintiff's motion which sought leave to sue MVAIC, with the following memorandum: Whenever a substantial issue has been raised concerning the identity of the operator of the automobile causing the injury for which recovery is sought, MVAIC ought to be joined in the action in which the alleged operator is sued. Otherwise, double litigation is engendered, and in this era of crowded calendars in the courts such a result should not be our objective. The policy reflected by subdivision (b) of section 618 of the Insurance Law to insure that an injured party should be protected from fruitless litigation was emphasized in *Matter of De Lorenzo v MVAIC* (59 Misc 2d 691), which we affirmed on the opinion of the late Mr. Justice Wegman (33 AD2d 805). Other of our determinations have recognized that policy *(Matter of Smith v MVAIC,* 33 AD2d 786; *Milstein v Clark,* 32 AD2d 935). Here there is a substantial issue raised by the denial of the defendant Johnson that she operated the automobile which struck the injured party and, indeed, by her assertion that she saw a second automobile cause the injury. The plaintiff should not run the risk that this issue will be decided adversely to her, and thus be forced to try the case anew against MVAIC. For these reasons, I believe that plaintiff should have been granted leave to join MVAIC as a party.