OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On January 27, 1980, the decedent, Wolf Kenig, was killed when he was hit by a tow truck while he was riding his bicycle. The truck was owned by Peter Bowen, doing business as “Bowen’s Arco”, and was operated by Douglas Hollingsworth, an employee of Bowen’s Arco. On March 21, 1980, the decedent’s wife was appointed by Surrogate’s Court, Monroe County, as executrix of his estate. Thereafter, as such executrix she applied for and received first-party no-fault benefits from the United States Fidelity and Guaranty Company (USF&G), the insurer of Bowen’s truck at the time of the accident.
On December 29, 1980, the executrix served Hollingsworth with a summons and complaint commencing the Kenig v Bowen action and alleging that the death of her decedent was the direct result of Hollingsworth’s negligent operation of the truck owned by Bowen. On January 5, 1981, Bowen was also served. On January 23, 1981, attorneys for USF&G interposed an answer on behalf of Bowen. The answer, among other things, included the following affirmative defense: “That defendant Douglas R Hollingsworth did not have the permission or consent, either express or implied, of defendant Pete Bowen to use and/or operate the vehicle at the time and place of the accident, as *1076 alleged in the complaint, or in the alternative, that said defendant Hollingsworth’s use and/or operation of said vehicle as alleged, exceeded the scope of any express or implied permission or consent, exceeded the scope of his employment, and was not authorized by defendant Pete Bowen, which constitutes a complete defense to this action on behalf of defendant Pete Bowen.”
The attorney for the executrix immediately wrote to USF&G to inquire why it was not going to appear on Hollingsworth’s behalf. On January 26, 1981, Hollingsworth appeared pro se and interposed a general denial. The executrix’ attorney received no response to his letter to USF&G until May 15, 1981 when, in a belated follow-up conversation, he spoke with a USF&G representative who informed him that it had not appeared for Hollingsworth because, as was alleged in Bowen’s answer, he did not have Bowen’s consent to operate the vehicle.
On May 21, 1981, the executrix filed a notice of claim with the Motor Vehicle Accident Indemnification Corporation (MVAIC) explaining that the notice had been filed more than 90 days after the accident because the insurer still had not sent a formal disclaimer but on May 15, 1981 had advised the executrix’ attorney that Hollingsworth would not be defended. On June 23,1981, MVAIC notified the executrix that it was rejecting the claim because there had not been “compliance with the provisions applicable to timely notice”.
By notice of motion dated July 13, 1981, MVAIC moved for an order absolving it of any obligation to indemnify or to appear 'for and defend Hollingsworth in the Kenig v Bowen action or for any other liability therein. By notice of petition dated July 20,1981, the executrix sought an order directing MVAIC to accept her notice of claim. Special Term, without opinion, denied MVAIC’s motion and ordered MVAIC to accept the claim with the same force and effect as if it had been filed within the time period prescribed by subdivision (c) of section 608 of the Insurance Law. The Appellate Division affirmed, without opinion, with one Justice dissenting.
Special Term could properly have applied the amended version of subdivision (c) of section 608 of the Insurance *1077 Law, which was effective June 30,1980 (L 1980, ch 788), to the present application to require MVAIC to accept the executrix’ notice of claim. Although the amendment took effect after the cause of action accrued, the claim was still ongoing at the time the amendment took effect, it was in effect when the action was commenced and when the notice of claim was filed, and it was a remedial amendment.
The amended subdivision (c) provides an additional 90 days to file a notice of claim where “the insurer or insurers of the person or persons liable or alleged to be liable for his injury or loss have disclaimed * * * coverage because of some act or omission of the person or persons liable or alleged to be liable including the denial of coverage based upon the lack of a policy of insurance in effect at the time the cause or causes of action arose”. This amendment covers situations, such as here, where the insurer has disclaimed based on the driver’s operation of the vehicle without the owner’s consent and in effect overrules this court’s holding to the contrary in Allegretti v Mancuso (33 NY2d 882).
The critical issue in this case, then, under subdivision (c) as amended is whether the executrix filed her notice of claim within 90 days of receipt by her of notice of disclaimer or denial of coverage by the insurer. This in turn depends on when she received such notice. MVAIC contends that this occurred in January, 1981 when USF&G served an answer on behalf of Bowen setting up lack of the owner’s consent as a defense and Hollingsworth served his pro se answer. Neither supplies the statutory predicate. The answer by USF&G gave notice that the insurer intended to defend the owner but would raise his lack of consent as a defense on the merits. Although it may be said that the executrix might reasonably have inferred from the service of Hollingsworth’s pro se answer that USF&G was not going to defend him and, in view of the defense raised in the owner’s answer, that the reason was the owner’s lack of consent, this would not have served as notice from USF&G of a disclaimer or denial of coverage. Such notice was first given by the insurer in the conversation on May 15, 1981. The notice of claim against MVAIC was then *1078 filed by the executrix on May 21, 1981, well within the statutory period.
MVAIC’s contention that the executrix did not make “timely reasonable efforts to ascertain coverage” is without merit. The executrix had communicated with the owner’s insurer shortly after the accident and had obtained first-party, no-fault benefits yet the insurer did not raise the possibility of a disclaimer or denial of coverage during this time period.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.