■ In the Matter of JEAN S. VIL, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, et al., Respondents. [757 NYS2d 591] —In a proceeding pursuant to Insurance Law § 5218 for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation, the appeal is from an order of the Supreme Court, Rockland County (Nelson, J.), entered March 12, 2002, which granted the application.

Ordered that the order is affirmed, with costs.

On January 10, 2001, the petitioner was struck by a vehicle while he was crossing a street in Spring Valley. The police accident report stated that the offending vehicle left the scene of the accident, but a witness provided the police with a license plate number. On the day following the accident, the registered owner of the vehicle, Edwin Sahabedra, reported that his vehicle had been stolen on January 10, 2001, while he was in New York City, and he denied any knowledge of the accident. The petitioner sought leave to commence an action in which the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) and the owner were joined as defendants.

Contrary to MVAIC's contention, the petitioner filed a timely notice of intention to make claim (hereinafter the notice of intention). Pursuant to Insurance Law § 5208 (a) (3) (A), (B), the notice of intention must be filed within 180 days of receipt of notice that the insurer of the person alleged to be liable for damages has disclaimed liability or denied coverage (see *Matter of McCray v Motor Veh. Acc. Indem. Corp.,* 232 AD2d 948 [1996]; see also *Matter of Kenig v Motor Veh. Acc. Indem. Corp.,* 58 NY2d 1074 [1983]). The petitioner's attorney was notified by letter dated April 16, 2001, that Sahabedra's insurance car-

rier disclaimed coverage of the accident because the vehicle was reported stolen, and the notice of intention was filed with MVAIC a few days later.

MVAIC may be joined as a party defendant provided that the petitioner, insofar as relevant here, made all reasonable efforts to ascertain the identity of the vehicle and its owner and operator, and demonstrated that the identity of the operator, who was operating the vehicle without the owner's consent, cannot be established (*see* Insurance Law § 5218 [a], [b] [5]; [d]). Based on the record, which included Sahabedra's stolen vehicle report, and the "significant possibility" that the operator cannot be identified (*Byrd v Johnson,* 60 AD2d 900, 901 [1978]), the Supreme Court properly granted the petitioner's application (*see Matter of De Lorenzo v Motor Veh. Acc. Indem. Corp.,* 33 AD2d 805 [1969]; *Matter of Smith v Motor Veh. Acc. Indem. Corp.,* 33 AD2d 786 [1969]; *Matter of Brown v Motor Veh. Acc. Indem. Corp.,* 35 AD2d 339 [1970]). Contrary to MVAIC's contention, under these circumstances, the petitioner was not required to first pursue an action solely against Sahabedra (*cf. Hauswirth v American Home Assur. Co.,* 244 AD2d 528 [1997]; *Matter of Ruiz v Motor Veh. Acc. Indem. Corp.,* 19 AD2d 832 [1963], *affd* 19 AD2d 833 [1963]). Santucci, J.P., Krausman, Townes and Mastro, JJ., concur.