■ In the Matter of LUIMY ACOSTA-COLLADO, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant. [962 NYS2d 149]—

In a proceeding pursuant to Insurance Law § 5218 for leave to bring an action against the Motor Vehicle Accident Indemnification Corp., the Motor Vehicle Accident Indemnification Corp. appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated December 23, 2011, which granted the petition and denied its cross motion, in effect, to deny the petition and dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the cross motion, in effect, to deny the petition and dismiss the proceeding is granted, the petition is denied, and the proceeding is dismissed.

On August 6, 2008, the petitioner, while riding a bicycle on 102nd Street between 37th and 39th Avenues in Corona, Queens, allegedly was injured when he was struck by a motor vehicle backing out of a driveway. The vehicle left the scene of the accident, but the petitioner and two witnesses observed the make and model of the vehicle and its license plate number. A subsequent investigation ascertained that the vehicle was registered to Nestor B. Sarmiento of Corona and insured by Allstate Property and Casualty Insurance Company (hereinafter Allstate). In April 2009 Allstate denied the petitioner's claim for no-fault benefits, which claim mistakenly contained an incorrect accident date. In August 2011 the petitioner commenced a personal injury action against Sarmiento in the Supreme Court, Queens County, under index No. 18458/11. After filing a notice of intention to file claim with the Motor Vehicle Accident Indemnification Corp. (hereinafter MVAIC), the petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to bring an action against MVAIC for the payment of no-fault benefits. MVAIC cross-moved, in effect, to deny the petition and dismiss the proceeding. The Supreme Court granted the petition and denied the cross motion and MVAIC appeals.

MVAIC was created in 1958 to compensate innocent victims of hit-and-run motor vehicle accidents (*see Canty v Motor Veh. Acc. Indem. Corp.*, 95 AD2d 509, 510 [1983]). Article 52 of the New York Insurance Law is entitled the "Motor Vehicle Accident Indemnification Corporation Act" (Insurance Law § 5201 *et seq.*). The procedure for applying to a court for leave to bring an action against MVAIC is set forth in Insurance Law § 5218. That section provides, inter alia, that a court may permit an action to be brought against MVAIC if certain criteria are met, including demonstrating to the court that "all reasonable efforts have been made to ascertain the identity of the motor ve-

hicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established" (Insurance Law § 5218 [b] [5]). Here, the petitioner failed to sustain his burden of demonstrating that the accident was one in which the identity of the owner and operator was unknown or not readily ascertainable through reasonable efforts (see Matter of Troches v Motor Veh. Acc. Indem. Corp., 171 AD2d 873 [1991]). Rather, "there is substantial evidence linking the suspect vehicle to the accident and, therefore, MVAIC is a speculative party" (Byrd v Johnson, 60 AD2d 900, 900-901 [1978]). As such, the petitioner is required to exhaust his remedies against Sarmiento in the personal injury action before seeking relief from MVAIC (see Hauswirth v American Home Assur. Co., 244 AD2d 528, 529 [1997]). Only if the personal action ultimately fails due to lack of proof of the identity of the owner and/or operator may leave to sue MVAIC be considered (see Matter of Frankl v Motor Veh. Acc. Indem. Corp., 53 AD2d 614 [1976]; Matter of Chocko v Motor Veh. Acc. Indem. Corp., 20 AD2d 728 [1964]; Matter of Ruiz v Motor Veh. Acc. Indem. Corp., 19 AD2d 832 [1963]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted MVAIC's cross motion, denied the petition, and dismissed the proceeding. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.