Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp. (2019 NY Slip Op 07075)





Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp.


2019 NY Slip Op 07075


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-02731
 (Index No. 520055/17)

[*1]In the Matter of Joel Quiridumbay, appellant,
v
Motor Vehicle Accident Indemnification Corporation, respondent.


William Pager, Brooklyn, NY, for appellant.
Jaime E. Gangemi (Kornfeld Rew Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 26, 2018. The order denied the petition without prejudice and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law and the facts, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issues of whether all reasonable efforts have been made to ascertain the identity of the subject motor vehicle and of the owner and operator and whether the identity of the subject motor vehicle and the owner and operator cannot be established, and a new determination on the petition thereafter, with costs to abide the event.
The petitioner alleged that on May 28, 2017, while riding his bicycle, he was struck by a motor vehicle and sustained personal injuries. There were no witnesses to the accident, and the vehicle fled the scene. The petitioner initially identified the offending vehicle as a Chevrolet pickup truck bearing a certain license plate number. However, a search of the Department of Motor Vehicles records revealed that the vehicle bearing that license plate number was a Honda passenger sedan. The Honda vehicle was insured by State Farm Mutual Automobile Insurance Company, which disclaimed coverage on the ground that its insured had not been involved in the accident.
The petitioner filed a notice of intention to make a claim with the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). Thereafter, he commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against MVAIC. In the petition, the petitioner acknowledged that he may have misidentified the license plate number of the vehicle that struck him. MVAIC opposed the petition. The Supreme Court denied the petition without prejudice and, in effect, dismissed the proceeding. The petitioner appeals.
"MVAIC was created . . . to compensate innocent victims of hit-and-run motor vehicle accidents" (Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714, 715, citing Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 510; see Matter of Rosado v Motor Veh. Acc. Indem. Corp., 171 AD3d 1074, 1075). Insurance Law § 5218 sets forth the procedure for applying to a court for leave to commence an action against MVAIC in a hit-and-run case. This statute provides, inter alia, that a person may apply to a court for an order permitting an action [*2]against MVAIC when, as relevant here, there is a cause of action to recover damages for personal injury arising out of the ownership, maintenance, or use of a motor vehicle, and when the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained (see Insurance Law § 5218[a]). If the court, after a hearing, is satisfied that, inter alia, "all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established," then it may issue an order permitting an action against MVAIC (Insurance Law § 5218[b][5]; see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d at 715-716; see also Matter of Rosado v Motor Veh. Acc. Indem. Corp., 171 AD3d at 1075).
Here, the Supreme Court should not have denied the petition without first having conducted a hearing. There was no evidence before the court as to the identity of the operator of the offending vehicle at the time of the accident (cf. Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714; Byrd v Johnson, 60 AD2d 900). In addition, although the petitioner initially stated that the offending vehicle was a Chevrolet pickup truck bearing a particular license plate number, it was later ascertained that the vehicle registered under that plate number was a Honda sedan. Under these circumstances, a significant possibility exists that the offending vehicle and its owner and operator have not been, or cannot be, properly identified (see generally Matter of Vil v Motor Veh. Acc. Indem. Corp., 304 AD2d 588; Matter of De Lorenzo v Motor Veh. Acc. Indem. Corp., 59 Misc 2d 691 [Sup Ct, Kings County], affd 33 AD2d 805). Therefore, an evidentiary hearing should be conducted to determine whether all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator, and whether the identity of the motor vehicle and the owner and operator cannot be established (see Insurance Law § 5218[b][5]).
Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing on the aforementioned issues and a new determination on the petition thereafter.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court