Allen v Pannell (2025 NY Slip Op 06150)

Allen v Pannell

2025 NY Slip Op 06150

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-13194
 (Index No. 532476/21)

[*1]Steven Allen, respondent, 
v
Robert A. Pannell, et al., defendants; Motor Vehicle Accident Indemnification Corporation, nonparty-appellant.

Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated July 16, 2024. The order, insofar as appealed from, granted the plaintiff's motion, in effect, pursuant to Insurance Law § 5218 for leave to join the Motor Vehicle Accident Indemnification Corporation as a defendant.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
"Under Insurance Law § 5218, a petitioner seeking leave of court to commence an action against [the Motor Vehicle Accident Indemnification Corporation] has the initial burden of demonstrating that he or she is a 'qualified person' within the meaning of Insurance Law § 5202 and making an evidentiary showing that he or she has satisfied certain other statutory requirements" (Matter of Chinn v Motor Veh. Acc. Indem. Corp., 240 AD3d 889, 890 [internal quotation marks omitted]; see Matter of Vil v Motor Veh. Acc. Indem. Corp., 304 AD2d 588, 589). Similarly, "[i]n any action commenced in respect of the death or injury of any person arising out of the ownership, maintenance or use of a motor vehicle in this state the plaintiff shall be entitled to make the [Motor Vehicle Accident Indemnification Corporation] a party defendant" (Insurance Law § 5218[d]). "[T]o the extent that no triable issues of fact are raised, the court is empowered to make a summary determination" of such an application (Matter of Chinn v Motor Veh. Acc. Indem. Corp., 240 AD3d at 890; see Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 895).
Here, under the circumstances of this case, contrary to the contention of the Motor Vehicle Accident Indemnification Corporation, the Supreme Court was not required to hold a framed-issue hearing on whether the defendant Robert A. Pannell's insurance carrier properly disclaimed coverage for the plaintiff's accident on the ground of lack of cooperation before determining that the plaintiff was a "qualified person" within the meaning of Insurance Law § 5202 (see Matter of Vil v Motor Veh. Acc. Indem. Corp., 304 AD2d at 589; see also Insurance Law § 5201[b][5]; Matter of General Assur. Co. v Garcia, 37 AD3d 466, 466-467).
Accordingly, we affirm the order insofar as appealed from.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court