■ In the Matter of the Estate of JACOB STUTS, Deceased. DAVID M. ENGELSON, as Executor of JACOB STUTS, Deceased, Appellant; CELIA BUCKWALD, Respondent.— In a discovery proceeding, the petitioner executor appeals from a decree of the Surrogate's Court, Kings County, entered May 27, 1963 on reargument, which: (1) denied his motion to confirm the report of a Referee recommending, after hearings before him, that the respondent be directed to turn over to petitioner the proceeds of five checks in the aggregate amount of $6,154.80; and (2) granted the respondent's cross motion to modify such report and to dismiss the petition. Decree affirmed, without costs. The five checks, made January 20, 1961 and during the succeeding March, were promptly indorsed to the respondent by the payee (the decedent Stuts), and cashed or deposited by respondent in her savings account. Stuts died, unmarried, on April 13, 1961. Under all the circumstances, we find that the respondent's and her daughter Ida's version of the facts, namely, that the proceeds of these checks constituted the repayment of loans previously made by the respondent to Stuts, was a fabrication; their testimony is characterized by evasions and gross inconsistencies. There is implicit in the Referee's report a similar finding. In consequence, the statutory presumption of consideration

for the checks is destroyed. But, as the learned Surrogate observed in his opinion, proof was lacking to support the petitioner's claim that Stuts' indorsements upon the checks were conditional, i.e., that respondent was to return the proceeds to him. Nor is there any evidence that Stuts, an attorney, was incapacitated or otherwise incompetent. Delivery is undisputed. Stuts, as the payee, received, indorsed and delivered subsequent checks, although the proceeds of prior ones had been appropriated by respondent in accordance with Stuts' unconditional indorsements, i.e., to pay to her or to pay cash to her. The transactions were completed about two weeks prior to Stuts' death. Under all the circumstances, no basis exists for a determination that the proceeds of the checks constitute assets of the estate. Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.