■ ALBA HAUSWIRTH, Appellant, v AMERICAN HOME ASSURANCE COMPANY et al., Respondents, et al., Defendant. [664 NYS2d 466] —In an action, *inter alia,* for a judgment declaring the rights and obligations of the respondents in connection with the availability of insurance coverage for a pedestrian—motor vehicle accident in which the plaintiff allegedly sustained physical injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated August 5, 1996, as, in effect, upon granting the plaintiff's motion to vacate an order of the same court, dated May 21, 1996, entered upon her default in opposing the motion of the defendant Motor Vehicle Accident Indemnification Corporation to dismiss the complaint insofar as asserted against it, granted the motion of the defendant Motor Vehicle Accident Indemnification Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

While crossing a street in Queens, the plaintiff was allegedly struck by a vehicle that left the scene without stopping. A witness provided a license plate number to the plaintiff, which was subsequently found to belong to a vehicle allegedly owned by the defendant Chamber Transport, Inc. (hereinafter Chamber), and insured by the defendant American Home Assurance Company (hereinafter American Home). After American Home disclaimed coverage on the ground that it did not insure the offending vehicle, the plaintiff commenced the instant action seeking a declaratory judgment that either American Home or the defendant Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) was obligated to pay first party benefits to her. The Supreme Court granted MVAIC's motion for summary judgment upon the

plaintiff's default in opposing the motion. Thereafter, the Supreme Court, upon granting the plaintiff's motion to vacate her default and upon a de novo review of MVAIC's motion, dismissed the complaint as against MVAIC, without prejudice to the plaintiff's right to seek relief pursuant to Insurance Law § 5218. We affirm.

Contrary to the plaintiff's contentions, the Supreme Court properly dismissed the complaint as against MVAIC. Inasmuch as the plaintiff is aware of Chamber's identity as a possible owner of the vehicle that allegedly hit her, the plaintiff must first exhaust her remedies as against Chamber before seeking relief from MVAIC (*see, Matter of Troches v MVAIC,* 171 AD2d 873; *Matter of Frankl v MVAIC,* 53 AD2d 614; *Soto v MVAIC,* 23 AD2d 728). In the event that proceedings against Chamber should result in a judgment finding neither Chamber nor American Home to be liable for her injuries, the plaintiff may then assert a claim against MVAIC pursuant to Insurance Law § 5218 (c) (*see, Bell v Morris,* 169 Misc 2d 1062). Until the plaintiff has exhausted her available remedies against the other defendants, her claims for relief as against MVAIC are premature (*see, Matter of Frankl v MVAIC, supra; Soto v MVAIC, supra; Matter of Chocko v MVAIC,* 20 AD2d 728).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.