■ In the Matter of Yi Song He, Appellant, v Motor Vehicle Accident Indemnification Corporation, Respondent. [9 NYS3d 53]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered March 12, 2014, which, in a proceeding, pursuant to Insurance Law § 5218, for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation (MVAIC) to recover for personal injuries allegedly sustained in a hit-and-run accident, denied the petition, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner, who commenced this action to recover for injuries he allegedly sustained when, while riding a bicycle, he was hit by a motor vehicle that fled the scene, failed to establish that "all reasonable efforts" were made "to ascertain the identity of the motor vehicle and of the owner and operator thereof" (Insurance Law § 5218 [b] [5]; *see Matter of Simmons v Motor Veh. Acc. Indem. Corp.*, 44 AD2d 673, 673 [1st Dept 1974]). The police accident report identifies two witnesses and reflects that two license plates were identified as belonging to the offending motor vehicle. Contrary to petitioner's assertion, the fact that one of the license plates was identified as a "possible plate," does not mean that there is no substantial evidence linking that vehicle to the accident. Rather, it means that an investigation was required. Yet, petitioner has not identified any effort made to investigate the possible involvement of the vehicle, whose owner MVAIC was able to identify, or to obtain information from the two witnesses (*see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp.*, 103 AD3d 714 [2d Dept 2013]).

Petitioner also failed to establish that he was a "qualified person" via verifiable proof of his residency and household composition (*see* Insurance Law §§ 5202 [b]; 5211 [a] [1]; *see also Matter of Willingham v Huston*, 36 AD3d 469 [1st Dept 2007]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.