Compas Medical, P.C., as Assignee of WHITNEY CHARLES, Appellant,
against
MVAIC, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Barry A. Schwartz, J.), entered October 18, 2013. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted a motion by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the complaint.
In support of its motion, MVAIC submitted an affidavit from its claim representative, who stated that, after receiving plaintiff's assignor's household affidavit, he used the assignor's address to conduct a search and ascertained that someone else resided at the assignor's address, and that that person owned a vehicle insured by Amica Mutual Insurance Company. However, MVAIC's moving papers also contained the assignor's household affidavit, in which she swore that when the accident had occurred she lived by herself. As a result, there is an issue of fact as to whether there were no-fault benefits available from Amica Mutual Insurance Company, which benefits plaintiff and its assignor were required to exhaust prior to seeking to recover from MVAIC (see Zuckerman v City of New York, 49 NY2d 557 [1980]; cf. Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Modern Art Med., P.C. v MVAIC, 22 Misc 3d 126[A], 2008 NY Slip Op 52586[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Doctor Liliya Med., P.C. v MVAIC, 21 Misc 3d 143[A], 2008 NY Slip Op 52453[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 19, 2016