3 Star Acupuncture, P.C., as Assignee of JENNIFER GALARZA, Respondent,
against
MVAIC, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered July 2, 2013. The judgment, entered pursuant to a decision of the same court dated March 19, 2013, after a nonjury trial, awarded plaintiff the principal sum of $3,690.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated March 19, 2013 is deemed a premature notice of appeal from the judgment entered July 2, 2013 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
At the commencement of a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the parties stipulated that the sole issue was whether plaintiff had exhausted its remedies. The only witness at trial was an employee of defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC), who testified that plaintiff's assignor was not a covered person because plaintiff had not established that its remedies against the owner of the vehicle had been exhausted.
Since plaintiff's assignor was aware of the identity of the owner of the vehicle which plaintiff's assignor was in at the time of the accident, plaintiff, as assignee, was required to exhaust its remedies against the vehicle's owner before seeking relief from MVAIC (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Compas Med., P.C. v MVAIC, 42 Misc 3d 150[A], 2015 NY Slip Op 50414[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Here, plaintiff did not demonstrate that it had exhausted its remedies against the owner of the vehicle (see BLR Chiropractic, P.C. v MVAIC, 33 Misc 3d 131[A], 2011 NY Slip Op 51878[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also BLR Chiropractic, P.C. v MVAIC, 36 Misc 3d 129[A], 2011 NY Slip Op 52517[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: November 01, 2016