Daily Medical Equipment Distribution Center, Inc., as Assignee of Simon Placide, Respondent, 
against
MVAIC, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered February 11, 2014, deemed from a judgment of the same court entered February 25, 2014 (see CPLR 5512 [a]). The judgment, entered pursuant to the February 11, 2014 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,110.23.




ORDERED that the judgment is reversed, with $30 costs, the order entered February 11, 2014 is vacated, plaintiff's motion for summary judgment is denied, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) cross-moved for summary judgment dismissing the complaint. By order entered February 11, 2014, the Civil Court granted plaintiff's motion and denied defendant's cross motion. MVAIC's appeal from the February 11, 2014 order is deemed to be from the judgment entered pursuant thereto on February 25, 2014 (see CPLR 5512 [a]).
Plaintiff and its assignor were aware of the identity of the owner of the vehicle in which the assignor had been a passenger at the time of the accident. Plaintiff contends that plaintiff, as assignee, exhausted its remedies against the vehicle's owner before seeking relief from MVAIC (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Modern Art Med., P.C. v MVAIC, 22 Misc 3d 126[A], 2008 NY Slip Op 52586[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). However, the letter from Dollar Rent A Car (Dollar), which identified the vehicle's owner, Ride Share, LLC, as a licensee of Dollar and advised that coverage which would provide first-party no-fault benefits was not offered at the time the vehicle in question had been rented in New Jersey, is not dispositive. Rather, pursuant to Insurance Law sections 370 and 5107, the insurance provided by Dollar and/or Ride Share, LLC may, under appropriate circumstances, be deemed to include such coverage even if the policy in question failed to do so. Consequently, plaintiff did not demonstrate that it had exhausted its remedies against the owner of the vehicle (see Hauswirth, 244 AD2d 528).
To the extent plaintiff argues that, pursuant to Insurance Law § 5221 (b) (6), MVAIC is required to pay plaintiff and then seek to recover from Dollar and/or Ride Share in a mandatory arbitration proceeding (see Insurance Law § 5105), based on the holdings in Matter of [*2]Acosta-Collado v Motor Veh. Acc. Indem. Corp. (103 AD3d 714 [2013]) and Hauswirth v American Home Assur. Co. (244 AD2d 528), we decline to reach such a result.
Accordingly, the judgment is reversed, the order entered February 11, 2014 is vacated, plaintiff's motion for summary judgment is denied, and defendant's cross motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: January 06, 2017