Compas Medical, P.C., as Assignee of Deronette, Marie, Appellant, 
against
MVAIC, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Marshall & Marshall, PLLC (Naim M. Peress, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered June 18, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted a cross motion by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the complaint.
"Pursuant to Insurance Law § 5221 (b) (2), to be deemed a covered person' and thereby have such rights as a covered person may have under [Insurance Law article 51],' an injured person must be a qualified person,' as that term is defined in Insurance Law § 5202 (b), and must have complied with all of the applicable requirements of Insurance Law article 52 (e.g. Insurance Law § 5208)" (Howard M. Rombon, Ph.D., P.C. v MVAIC, 21 Misc 3d 131[A], 2008 NY Slip Op 52128[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
In the instant case, MVAIC's cross-moving papers show that plaintiff's assignor testified at an examination under oath (EUO) that the "dollar van," which had allegedly caused her injuries, had remained at the scene until the police had arrived and that someone she or her daughter knew had written down the information about the "dollar van" while it had remained at the scene. As a result, the identity of the driver and owner of the "dollar van" may, in fact, be ascertainable and plaintiff, as assignee, could then exhaust its remedies against all potential insurance carriers before seeking relief from MVAIC (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; see generally Insurance Law § 5218; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714 [2013]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017