Orlin & Cohen Orthopedic Assoc., as Assignee of Robert Hester, Respondent,
against
Motor Vehicle Accident Indemnification Corporation, Appellant.




Marshall & Marshall, PLLC (Jeffrey Kadushin, Esq.), for appellant.
Mandell & Santora (Eitan Nof, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered March 12, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,640.84.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
At a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, plaintiff's witness testified that the NF-2 form plaintiff had received from plaintiff's assignor identified the driver of the vehicle which had struck plaintiff's assignor. Defendant moved at the close of plaintiff's case for a directed verdict (see CPLR 4401) on the ground that plaintiff had failed to establish that plaintiff's assignor had "complied with all the applicable requirements of [Insurance Law article 52]" and, thus, was a "covered person" who had "such rights as a covered person may have under [Insurance Law article 51]" (Insurance Law § 5221 [b] [2]). The Civil Court denied the motion. In addition, defendant's qualifications examiner testified that a sworn notice of intention to make claim form it had received from plaintiff's assignor, and which was admitted into evidence, also identified the driver of the vehicle which had struck plaintiff's assignor.
Since plaintiff and its assignor were aware of the identity of the driver of the vehicle [*2]which had struck the assignor, plaintiff, as assignee, was required to exhaust its remedies against all potential insurance carriers before seeking relief from defendant (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Modern Art Med., P.C. v MVAIC, 22 Misc 3d 126[A], 2008 NY Slip Op 52586[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, plaintiff did not demonstrate that it had exhausted its remedies.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017