TAM Medical Supply Corp., as Assignee of McCroseky, Tiana, Respondent,-
against
MVAIC, Appellant.




Marshall & Marshall, PLLC (Naim M. Peress, Esq.), for appellant.
The Rybak Firm, PLLC (Damin J. Toell, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered March 4, 2015. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court as denied defendant's cross motion for summary judgment dismissing the complaint.
Since plaintiff and its assignor were aware of the identity of the owner of the vehicle which had struck plaintiff's assignor, plaintiff, as assignee, was required to exhaust its remedies against the vehicle's owner before seeking relief from MVAIC (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Modern Art Med., P.C. v MVAIC, 22 Misc 3d 126[A], 2008 NY Slip Op 52586[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Doctor Liliya Med., P.C. v MVAIC, 21 Misc 3d 143[A], 2008 NY Slip Op 52453[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, plaintiff did not demonstrate that it had exhausted its remedies [*2]against the owner of the vehicle (see Right Aid Diagnostic Medicine, P.C. v MVAIC, 41 Misc 3d 126[A], 2013 NY Slip Op 51582 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017