Matter of Graves v MVAIC (2021 NY Slip Op 04840)





Matter of Graves v MVAIC


2021 NY Slip Op 04840


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


530 CA 20-01482

[*1]IN THE MATTER OF SAMID GRAVES, PETITIONER-RESPONDENT,
v
MVAIC, RESPONDENT-APPELLANT, AND STATE FARM INSURANCE COMPANY, RESPONDENT-RESPONDENT. 






KORNFELD, REW, NEWMAN & SIMEONE, SUFFERN (WILLIAM S. BADURA OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SPADAFORA & VERRASTRO, LLP, BUFFALO (JOSEPH A. TODORO OF COUNSEL), FOR PETITIONER-RESPONDENT.
HAGELIN SPENCER LLC, BUFFALO (LAURA B. GARDINER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 5, 2020. The order granted petitioner's application for leave to file a lawsuit for his personal injury claim against respondent MVAIC. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and that part of the application seeking leave to proceed with an action against respondent MVAIC is denied.
Memorandum: In this proceeding petitioner, allegedly the victim of a hit-and-run accident, made an application for, inter alia, leave to proceed with an action against respondent MVAIC pursuant to Insurance Law § 5218. MVAIC appeals from an order granting the application to that extent. We agree with MVAIC that Supreme Court erred in granting that part of the application. Petitioner failed to meet his burden of demonstrating that "the accident was one in which the identity of the owner and operator was unknown or not readily ascertainable through reasonable efforts" (Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714, 716 [2d Dept 2013]; see
§ 5218 [b] [5]; Matter of Yi Song He v Motor Veh. Acc. Indem. Corp., 128 AD3d 525, 525 [1st Dept 2015]). In support of his application, petitioner submitted photographs of the white van that he believed to have run over his foot, one of which clearly depicts the license plate number, as well as correspondence from MVAIC and respondent State Farm Insurance Company identifying the owner and presumed operator of the van by name and policy number. Petitioner was required to exhaust his remedies against the owner in a personal injury action before seeking relief from MVAIC (see Acosta-Collado, 103 AD3d at 716; Hauswirth v American Home Assur. Co., 244 AD2d 528, 529 [2d Dept 1997]). Only if such an action ultimately fails due to lack of proof of the identity of the owner or operator may the court grant leave to proceed with an action against MVAIC (see Acosta-Collado, 103 AD3d at 716; see also Hauswirth, 244 AD2d at 529).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court