Nakamura v Motor Veh. Acc. Indem. Corp. (2022 NY Slip Op 05797)

Nakamura v Motor Veh. Acc. Indem. Corp.

2022 NY Slip Op 05797

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 154887/20 Appeal No. 16468 Case No. 2021-03889 

[*1]Masako Nakamura, Petitioner-Appellant,
v
Motor Vehicle Accident Indemnification Corporation, Respondent-Respondent.

Georgaklis & Mallas, PLLC, Brooklyn (Anthony Mangona of counsel), for appellant.
Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered September 29, 2021, which denied petitioner Masako Nakamura's petition seeking leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (MVAIC) pursuant to New York Insurance Law § 5218 and for other relief, unanimously affirmed, without costs.
Petitioner moved for leave to sue MVIAC pursuant to § 5218 of the Insurance Law and to bring an action for relief sought in petitioner's proposed verified complaint. Petitioner alleged that she was a pedestrian when she was struck by an uninsured 2012 Volkswagen with a Minnesota state license plate number, owned and operated by Quyang Pang (Pang). In support of the petition, petitioner proffered, among other things, a police accident report pertaining to the incident, as well as a sworn Notice of Intention to Make a Claim. Both documents identified Pang as the owner and operator of the vehicle and identified the vehicle by its license plate number, year and make. Since there was an identified owner and operator of the offending vehicle, the court correctly denied petitioner leave to sue MVAIC directly pursuant to § 5218 of the Insurance Law (see Matter of Harrison v Motor Veh. Acc. Indem. Corp., 110 AD3d 806 [2d Dept 2013]; see also Cudhy v Motor Veh. Acc. Indem. Corp., 36 AD2d 717 [1st Dept 1971]).
The court correctly denied that part of the petition which sought leave to bring an action against MVAIC for basic economic loss benefits, since those claims are premature. MVAIC is a remedy of last resort. As such, petitioner must first exhaust her remedies against the known owner and operator of the vehicle, before seeking relief from MVAIC (see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714 [2d Dept 2013]; Hauswirth v American Home Assur. Co., 244 AD2d 528 [2d Dept 1997]).
We have considered petitioner's remaining arguments and find them unavailing
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022