Matter of Melville v Motor Veh. Acc. Indem. Corp. (2022 NY Slip Op 06249)

Matter of Melville v Motor Veh. Acc. Indem. Corp.

2022 NY Slip Op 06249

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01525
 (Index No. 705389/19)

[*1]In the Matter of Cymba Melville, appellant,
v
Motor Vehicle Accident Indemnification Corporation, respondent.

Shaevitz & Shaevitz, Jamaica, NY (Maryellen David of counsel), for appellant.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered January 30, 2020. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured when a vehicle in which she was a passenger was struck by another vehicle. She filed a notice of intention to make a claim with the respondent, Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). While testifying at an examination under oath, the petitioner identified the driver of the vehicle which struck her vehicle as an individual with whom she was acquainted. The petitioner filed a petition pursuant to Insurance Law § 5218 for leave to commence an action against MVAIC, alleging for the first time that there was a third, unidentified vehicle involved in the accident that left the scene. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
The Supreme Court did not err in denying the petition pursuant to Insurance Law § 5218 for permission to commence an action against MVAIC to recover damages for personal injuries sustained and caused by the negligence of an unknown party. MVAIC was created in 1958 to compensate innocent victims of hit-and-run motor vehicle accidents (see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714). Here, although there is no dispute that the petitioner was a qualified person pursuant to Insurance Law § 5202(b), the petitioner failed to sustain her burden of demonstrating that the accident was one in which the identity of the owner and operator of the vehicle was unknown or not readily ascertainable through reasonable efforts (see Matter of Graves v MVAIC, 197 AD3d 943; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d at 716). The petitioner's self-serving statement in her petition that there was a third unknown vehicle involved in the accident was insufficient to raise a triable issue of fact, and the court was therefore empowered to make a summary determination (see CPLR 409[b]; Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d 1375; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347).
The petitioner contends that, even if a third car was not involved in the accident, she has a valid claim against MVAIC because the vehicle that struck her vehicle was uninsured. This contention was raised for the first time in the petitioner's reply papers, and MVAIC did not have the opportunity to address this new contention in a sur-reply (see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677). Therefore, this Court will not consider this contention (see Mora v Cammeby's Realty Corp., 106 AD3d 704).
Finally, contrary to the petitioner's contention, an October 9, 2018 letter from MVAIC's tort examiner does not constitute an admission that warrants granting the petitioner leave to commence a direct action against MVAIC.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court