**Nakamura v Quyang Pan**

2024 NY Slip Op 32368(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 152958/2021

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. JAMES G. CLYNES** | PART 28M |
| | *Justice* | |

-------------------------------------------------------------------X

MASAKO NAKAMURA,

        Plaintiff,

        - v -

QUYANG PAN,

        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152958/2021 |
| MOTION DATE | 10/27/2022, 11/28/2022 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 74

were read on this motion to/for            DISMISSAL      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 75, 76, 77, 78, 79, 80, 81, 82

were read on this motion to/for            RESTORE      .

This is a personal injury action where plaintiff Masako Nakamura seeks recovery for injuries allegedly sustained as a result of a May 13, 2017 motor vehicle accident involving plaintiff pedestrian and defendant Quyang Pan owner and operator of a motor vehicle.

Upon the foregoing documents, it is ordered that the Defendant's motion pursuant to CPLR 214, 214 (5), 203 (a), 3211 and 3211 (a) (5) for an Order (1) dismissing the Complaint against her on the ground that the applicable statute of limitations period for plaintiff's personal injury claim was expired before this action was commenced (Motion Sequence # 003) and the plaintiff's motion pursuant to CPLR 203 (b) and 203 (c) for an Order relating her claims in this action back to the claims set forth in her petition for leave to sue the Motor Vehicle Accident Insurance Corporation (MVAIC) which was commenced in this court under Index Number 154887/2020 and was based on the same motor vehicle accident; restoring this action back to active status; and extending

152958/2021 NAKAMURA, MASAKO vs. PAN, QUYANG
Motion No. 003 004

Page 1 of 6

Plaintiff's time to file a Note of Issue (Motion Sequence # 004) are consolidated for decision and decided as follows.

The court notes that although plaintiff refers to her motion as a cross-motion it is not a cross-motion, and no cross-motion has been filed.

## Background

By Decision and Order, dated December 6, 2021 (the "December 2021 Decision and Order") (see NYSCEF DOC NOS 36, 37, and 38), the Court denied defendant's motion to dismiss the Complaint on statute of limitations grounds (Motion Sequence # 001) and denied plaintiff's motion to consolidate this action (Action #2) with her previously dismissed petition for leave to sue MVAIC under Index Number 154887/2021 (Action #1) (Motion Sequence # 002).

The December 2021 Decision and Order noted that Motion Sequence Numbers 001 and 002 were denied with leave to renew after the issuance of a decision by the Appellate Division First Department on the plaintiff's appeal; of the Court's September 29, 2021 Decision and Order issued under Index Number 154887/2020, that denied Nakamura's petition for leave to sue MVAIC. The December 21, 2021 Decision and Order incorrectly indicated "case disposed," instead of "non-final disposition."

In an October 18, 2022 Decision and Order, the Appellate Division, First Department's affirmed the September 29, 2021 Decision and Order that denied and dismissed Nakamura's petition under Index 154887/2020.

As an initial matter, the portion of the December 6, 2021 Decision and Order indicating that "case disposed" is vacated and the action is restored to active status.

Defendant contends that plaintiff's cause of action accrued on the date of the accident, May 13, 2017, and that the statute of limitations would have expired on May 13, 2020, but was extended

152958/2021  NAKAMURA, MASAKO vs. PAN, QUYANG
Motion No. 003 004

Page 2 of 6

2 of 6

by the issuance of Executive Orders tolling the statute of limitations period from March 20, 2020 to November 3, 2020, thereby extending the expiration date of the statute of limitations period to December 27, 2020. According to the defendant, on the date this action was commenced, March 25, 2021, the statute of limitations period had been expired for almost four months.

In opposition, plaintiff contends that the relation back doctrine is applicable here and that the commencement date of this personal injury action against the defendant should relate back to July 1, 2020, the date plaintiff commenced her petition for leave to sue MVAIC under Index Number 154887/2020.

This action was commenced with the filing of the summons and complaint on March 25, 2021. Defendant's motion seeks dismissal of the Complaint as time-barred because it was commenced after the expiration of the three-year limitations period for such claims (CPLR 214 [5]). Specifically, Defendant contends that this action should be dismissed as untimely because the statute of limitations period for plaintiff's claims, which accrued on the date of the accident May 13, 2017, had expired by the date this action was commenced on March 25, 2021. Defendant contends that the action is untimely even if the Court considers that Executive Orders issued during the Covid-19 pandemic tolled the statute of limitations period from March 20, 2020 until November 3, 2020. Defendant's opposition contends that the relation-back doctrine is not applicable here because defendant Pan and MVAIC are not defendants united in interest, and because plaintiff was aware of defendant Pan's identity since the time of the accident.

## Discussion

The primary legal issue is whether the relation-back doctrine applies in this case. Plaintiff argues in her motion that the relation-back doctrine is applicable and that this action should be related-back to her prior petition for leave to sue MVAIC pursuant to section 5218 of the New

152958/2021  NAKAMURA, MASAKO vs. PAN, QUYANG
Motion No. 003 004

Page 3 of 6

York Insurance Law. The petition was dismissed by the court, and the dismissal was upheld on appeal by the Appellate Division, First Department (*see Nakamura v Motor Vehicle Accident Indemnification Corporation,* 209 AD3d 535 [1st Dept 2022]). Plaintiff contends that the present action relates back to the July 1, 2020 commencement date of the petition for leave to sue MVAIC under Index 154887/2020, which was denied and dismissed by a Decision and Order, dated September 29, 2021 (NYSCEF DOC NOS 25, 26 under Index Number 154887/2020). The September 29, 2021 Decision and Order that denied and dismissed the petition was affirmed by the Appellate Division, First Department in a Decision and Order dated October 18, 2022 (NYSCEF DOC NO 33).

The relation-back doctrine applies where: (1) both claims arise out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he/she will not be prejudiced in maintaining his/her defense on the merits; and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him/her as well (*Buran v Coupal* (87 NY2d 173 [1995]).

The claims asserted by Nakamura as plaintiff in this personal injury action and the claims asserted by Nakamura as petitioner in the prior petition for leave to sue MVAIC arise from the same incident, a May 30, 2017 motor vehicle accident involving pedestrian Nakamura and the motor vehicle operated by defendant Pan. In this action, plaintiff Nakamura seeks recovery for personal injury against defendant Pan. In the prior petition, which was denied and dismissed, petitioner Nakamura sought leave to sue MVAIC pursuant to Insurance Law 5218. The petition was denied because the identity of the owner and operator of the subject vehicle were known.

152958/2021 NAKAMURA, MASAKO vs. PAN, QUYANG
Motion No. 003 004

Page 4 of 6

4 of 6

[* 4]

Defendant Pan was identified as the owner and operator of the vehicle. The Court held that Nakamura could not bring an action against MVAIC until she exhausted her legal remedies against defendant Pan. As MVAIC may be substituted as a defendant in place of Pan, this court finds that Pan and MVAIC are united in interest (*Dixon v Motor Veh. Acci. Indem. Corp.*, 56 AD2d 650 [2d Dept 1977]).

Turning to the third element, "New York law does not require proof of an 'excusable' mistake, but only the existence of a mere mistake, on the part of the plaintiff seeking the benefit of the relation back doctrine." (*Davis v Larhette*, 39 AD3d 693, 694 [2d Dept 2007]). Nakamura mistakenly petitioned against MVAIC before exhausting her legal remedies against Pan and failed to name Pan in her initial Petition. Both Pan and MVAIC knew or should have known that but for Nakamura's mistake, the actions against each defendant would have been timely commenced against them.

## Conclusion

As Nakamura has established the elements of the relation back doctrine, and Pan fails to identify any prejudice, the claims asserted relate back to the date of the original petition under Index Number 154887/2020.

Accordingly, it is

**ORDERED** that the portion of Decision and Order dated December 6, 2021 indicating "case disposed" is vacated and the action is restored to active status; and it is further

**ORDERED** that Defendant Quyang Pan's motion to dismiss (Motion Sequence # 003) is denied; and it is further

**ORDERED** that Plaintiff Masako Nakamura's motion to relate the claims in the within action back to the claims made under Index Number 154887/2020, to restore this action back to

152958/2021 NAKAMURA, MASAKO vs. PAN, QUYANG
Motion No. 003 004

Page 5 of 6

5 of 6

[* 5]

active status, and to extend Plaintiff's time to file a Note of Issue (Motion Sequence # 004) is granted; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry and upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who is hereby directed to restore this action to active status and make all required notations thereof in the records of the Court; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | | |
|---|---|---|---|
| **DATE** | | | **JAMES G. CLYNES, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**152958/2021 NAKAMURA, MASAKO vs. PAN, QUYANG**
Motion No. 003 004

Page 6 of 6

[* 6]