GAO Acupuncture, P.C. v MVAIC (2025 NY Slip Op 51173(U))

[*1]

GAO Acupuncture, P.C. v MVAIC

2025 NY Slip Op 51173(U)

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-501 K C

GAO Acupuncture, P.C., as Assignee of Dyer, Karen, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Angelique Evangelista and Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an amended order of the Civil Court of the City of New York, Kings County (Delsia G. Marshall, J.), entered November 25, 2024. The amended order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the amended order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals, as limited by the brief, from so much of an amended order of the Civil Court (Delsia G. Marshall, J.) entered November 25, 2024 as denied defendant's motion for summary judgment dismissing the complaint.
Since plaintiff's assignor was aware of the identity of the owner of the vehicle in which plaintiff's assignor was a passenger at the time of the accident, plaintiff, as assignee, was required to exhaust its remedies against the vehicle's owner before seeking relief from defendant (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Compas Med., P.C. v MVAIC, 42 Misc 3d 150[A], 2014 NY Slip Op 50414[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Here, plaintiff did not demonstrate that it had exhausted its remedies against the owner of the vehicle (see BLR Chiropractic, P.C. v MVAIC, 33 Misc 3d 131[A], 2011 NY Slip Op 51878[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also BLR Chiropractic, P.C. v MVAIC, 36 Misc 3d 129[A], 2011 NY Slip Op 52517[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and, thus, defendant's motion for summary judgment [*2]should have been granted.
In light of the foregoing, we reach no other issue.
Accordingly, the amended order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
BUGGS and OTTLEY, JJ., concur.
TOUSSAINT, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025