In the Matter of Mohammed Alam, Appellant, v Motor Vehicle Accident Indemnification Corporation, Respondent. [7 NYS3d 135]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered March 14, 2014, which, in an action to recover for personal injuries allegedly sustained in a hit-and-run accident, denied the petition seeking leave under Insurance Law § 5218 to bring an action against respondent, Motor Vehicle Accident Indemnification Corporation, unanimously reversed, on the law and the facts, and the petition granted, without costs.

Petitioner met his burden of demonstrating that the subject accident was one in which the identity of the owner and operator of the subject motor vehicle was not ascertainable through reasonable efforts (*see* Insurance Law § 5218 [b] [5]; *Cardona v Martinez*, 61 AD3d 462 [1st Dept 2009]).

Petitioner was injured after being struck by a vehicle while crossing the street as he headed to his mosque for a prayer service. The driver pulled over, exited the vehicle, and approached petitioner. In response to the driver's multiple inquiries, plaintiff told the driver that he was fine. A few minutes later, the driver left the scene. Petitioner did not obtain the driver's contact information or the license plate number of the vehicle, and proceeded on to the mosque.

Petitioner testified, without opposition, that he did not believe he was seriously hurt in the moments after the accident. Petitioner's testimony that he felt pain in his left foot in the immediate aftermath of the accident does not necessarily compel a different result. His failure to seek immediate medical attention only confirms his initial belief that he was not significantly hurt. Because petitioner did not believe he was seriously hurt, it was reasonable that he did not ask the driver for identifying information at that time. (*Matter of Riemenschneider [Motor Veh. Acc. Indem. Corp.]*, 20 NY2d 547, 549-551 [1967]).

Once he knew he was seriously injured, petitioner undertook reasonable efforts to ascertain the identity of vehicle owner or operator. Petitioner testified that he filed a police report, canvassed the mosque and surrounding area to locate possible eyewitnesses, and obtained surveillance footage depicting the accident location, all of which ultimately proved unhelpful in identifying the operator or license plate number of the vehicle. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.