Matter of Bullock v Motor Veh. Acc. Indem. Corp. (2023 NY Slip Op 04377)

Matter of Bullock v Motor Veh. Acc. Indem. Corp.

2023 NY Slip Op 04377

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-08401
 (Index No. 711738/19)

[*1]In the Matter of Lamere Bullock, respondent, 
v
Motor Vehicle Accident Indemnification Corporation, appellant.

Kornfeld, Rew, Newman & Simeone, Suffern, NY (William S. Badura of counsel), for appellant.
Field Law Group, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated September 22, 2020. The order, insofar as appealed from, upon renewal, in effect, vacated a prior determination in an order of the same court dated December 13, 2019, denying the petition, and thereupon granted the petition.
ORDERED that the order dated September 22, 2020, is affirmed insofar as appealed from, with costs.
On August 4, 2016, the petitioner allegedly sustained personal injuries when, as he was riding a bicycle, he was struck by a motor vehicle in Queens that fled the scene of the accident. The police accident report, which was based upon information obtained by a police officer from an eyewitness and from surveillance video footage, described the subject vehicle as a 2000 Ford with a specific Virginia license plate number, and listed the owner's name as "Antonio Jiminez" with a specific address in Queens. Thereafter, the petitioner's counsel attempted to serve Antonio Jiminez at the specified address, only to learn from the process server, as well as from the United States Postal Service, that no such address exists. The petitioner's counsel also contacted the Virginia Department of Motor Vehicles to obtain any insurance information associated with a vehicle with the Virginia license plate number. However, the Virginia Department of Motor Vehicles responded that no records were found.
The petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the respondent Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). In opposition, MVAIC contended, inter alia, that leave to commence an action against it must be denied under Insurance Law § 5218(a) since the information contained in the police accident report demonstrates that this accident was not one in which the identity of the owner and operator of the vehicle was unknown. In the order appealed from, the Supreme Court, upon renewal, in effect, vacated a prior determination in an order of the same court dated December 13, 2019, denying the petition, and thereupon granted the petition. We affirm.
MVAIC was created to compensate innocent victims of hit-and-run motor vehicle accidents (see Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 717; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714). Insurance Law § 5218 sets forth the procedure for applying to a court for leave to commence an action against MVAIC in a hit-and-run case. "This statute provides, inter alia, that a person may apply to a court for an order permitting an action against MVAIC when, as relevant here, there is a cause of action to recover damages for personal injury arising out of the ownership, maintenance, or use of a motor vehicle, and when the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained" (Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718; see Insurance Law § 5218[a]). Where the court "is satisfied that, inter alia, all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, then it may issue an order permitting an action against MVAIC" (Matter of Quirindumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718 [internal quotation marks omitted]; see Insurance Law § 5218[b][5]; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d at 715-716).
Contrary to MVAIC's contentions, the petitioner met his burden of demonstrating that the hit-and-run accident was one in which the identity of the owner and operator was unknown or not readily ascertainable through reasonable efforts (see Alam v Motor Veh. Acc. Indem. Corp., 127 AD3d 585, 586). The petitioner demonstrated that the police accident report contained incorrect information, including a non-existent address for the purported owner, and the license plate number yielded no records from the Virginia Department of Motor Vehicles.
Accordingly, upon renewal, the Supreme Court properly, in effect, vacated its prior determination denying the petition, and thereupon granted the petition.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court