Matter of Benalcazar v Motor Veh. Acc. Indem. Corp. (2023 NY Slip Op 04376)

Matter of Benalcazar v Motor Veh. Acc. Indem. Corp.

2023 NY Slip Op 04376

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.
 

2020-01503 
 (Index No. 515692/19)

[*1]In the Matter of Graciela Benalcazar, appellant,
v
Motor Vehicle Accident Indemnification Corporation, respondent.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Clifford D. Gabel, Michael E. Bergman, and Julie T. Mark of counsel), for appellant.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated December 6, 2019. The order denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issues of whether all reasonable efforts have been made to ascertain the identity of the owner and operator of the livery cab in which the petitioner was a passenger and whether the identity of the owner and operator of the livery cab cannot be established, and a new determination on the petition thereafter.
On August 19, 2016, on the Belt Parkway, the petitioner allegedly sustained personal injuries when a livery cab in which she was a passenger was struck in the rear by another vehicle that immediately fled the scene. The petitioner was transported by ambulance from the scene of the accident to Jamaica Hospital. The petitioner commenced this proceeding pursuant to Insurance Law
§ 5218 for leave to commence an action against the respondent Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). In opposition to the petition, MVAIC argued that the petitioner failed to comply with the requirement of Insurance Law § 5218(b)(5) that "all reasonable efforts" have been made to ascertain the identity of the owner and operator of the livery cab in which she was a passenger. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
MVAIC was created to compensate innocent victims of hit-and-run motor vehicle accidents (see Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 717; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714). Insurance Law § 5218 sets forth the procedure for applying to a court for leave to commence an action against MVAIC in a hit-and-run case. "This statute provides, inter alia, that a person may apply to a court for an order permitting an action against MVAIC when, as relevant here, there is a cause of action to recover [*2]damages for personal injury arising out of the ownership, maintenance, or use of a motor vehicle, and when the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained" (Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718; see Insurance Law § 5218[a]). "If the court, after a hearing, is satisfied that, inter alia, all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, then it may issue an order permitting an action against MVAIC" (Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718 [internal quotation marks omitted]; see Insurance Law § 5218[b][5]; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d at 715-716).
Here, the Supreme Court should not have denied the petition and dismissed the proceeding without first having conducted a hearing. Contrary to the court's determination, the petitioner did not merely rely upon "general purported representations" from "JT Trans., Inc.," the company that dispatched the livery cab to the petitioner, in her efforts to identify the owner and operator of the livery cab in which she was a passenger. In support of the petition, the petitioner's counsel affirmed that he contacted JT Trans., Inc., through "numerous phone calls" and a letter, but was only able to learn that JT Trans., Inc., did not own any vehicles. Counsel affirmed that he conducted a search of records maintained by the New York State Department of Motor Vehicles for police accident reports containing TLC, TC, or livery plates for the date of the incident, and none of the accident reports pertained to the petitioner's accident. The petitioner's counsel also made a request pursuant to the Freedom of Information Law (FOIL) to obtain license plate numbers and insurance information for vehicles licensed under "JT Trans., Inc." Additionally, the petitioner made FOIL requests for the police accident report, the sprint 911 files, and the ambulance call report. Notably, the ambulance call report confirms that there was a motor vehicle accident, that the livery cab was struck in the "middle rear" with minor exterior damage, that the petitioner was a "restrained passenger," and that she was transported from the scene of the accident to the hospital for injuries to her lower back. Given the efforts made by the petitioner, there are issues of fact as to whether, under the circumstances, her efforts to ascertain the owner and operator of the livery cab were reasonable.
The respondent's remaining contention is without merit.
Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Supreme Court, Kings County, for an evidentiary hearing in accordance herewith.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court