Matter of Richardson v Motor Veh. Acc. Indem. Corp. (2023 NY Slip Op 04950)

Matter of Richardson v Motor Veh. Acc. Indem. Corp.

2023 NY Slip Op 04950

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 800088/22E Appeal No. 679 Case No. 2023-00603 

[*1]In the Matter of Brittani Richardson, Petitioner-Appellant,
v
Motor Vehicle Accident Indemnification Corporation, Respondent-Respondent.

Dell'Anno Law PLLC, New York (Nicholas Dell'Anno of counsel), for appellant.
Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered July 1, 2022, which, in an action for personal injuries allegedly sustained in a hit-and-run accident, denied the petition seeking leave under Insurance Law § 5218 to bring an action against respondent, Motor Vehicle Accident Indemnification Corporation (MVAIC), unanimously reversed, on the law, without costs, and the petition granted.
Petitioner alleged that on March 4, 2021, she was injured as a pedestrian in the crosswalk after a two-motor-vehicle collision between a BMW and Cadillac. The police report stated that petitioner was struck by the Cadillac after its driver disobeyed a traffic light and collided with the BMW, and the driver of the Cadillac subsequently fled from the scene by foot. The police later discovered that the Cadillac's license plate did not match the vehicle.
In support of the petition, petitioner proffered, among other things, a police accident report pertaining to the incident, a letter from the BMW's insurer disclaiming coverage on the ground that its insured driver did not disobey any traffic law, and a sworn Notice of Intention to Make a Claim (Notice of Intention) attesting that the Cadillac's driver was unknown, and the vehicle had a fake license plate. Contrary to MVAIC's contention, these documents were sufficient to satisfy the requirements of Insurance Law § 5218 to commence an action against MVAIC (see Henry v Phelps, 171 AD3d 520, 520-521 [1st Dept 2019]). Petitioner met her burden of demonstrating that the subject accident was one in which the identity of the owner and operator of the Cadillac was not ascertainable through reasonable efforts (see Insurance Law § 5218 [b] [5]; Matter of Alam v Motor Veh. Acc. Indem. Corp., 127 AD3d 585, 586 [1st Dept 2015]). Although a police report is generally inadmissible as hearsay, MVAIC also relied on it in opposing the petition, and thus it may be considered in support of the Notice of Intention (see Hartford Acc. & Indem. Co. v Transamerica Ins. Co., 141 AD2d 423, 425 [1st Dept 1988]; see also Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54-55 [2d Dept 2014]).
We find unavailing MVAIC's claim that petitioner cannot commence an action where the BMW's owner and operator is known. There is no evidence that the BMW's owner and operator are potential tortfeasors, nor does petitioner implicate them in her petition. Thus, we reject MVAIC's claim that petitioner is required to first commence an action against the known owner and operator of the BMW in exhaustion of her remedies
before commencing an action against MVAIC (see Matter of Vil v Motor Veh. Acc. Indem. Corp., 304 AD2d 588, 589 [2d Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023