Matter of Misir v Motor Veh. Acc. Indem. Corp. (2024 NY Slip Op 04557)

Matter of Misir v Motor Veh. Acc. Indem. Corp.

2024 NY Slip Op 04557

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01520
 (Index No. 516998/21)

[*1]In the Matter of Hardeo Misir, respondent, 
v
Motor Vehicle Accident Indemnification Corporation, appellant.

Kornfeld, Rew, Newman & Simeone, Suffern, NY (Scott A. Dow of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated December 2, 2022. The order granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
On December 3, 2017, the petitioner allegedly sustained personal injuries, as a pedestrian, when he was struck by a motor vehicle that drove onto the sidewalk in front of 128-10 Liberty Avenue in Queens and then fled the scene. The petitioner commenced this proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the respondent, Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). In opposition, MVAIC contended, inter alia, that leave to commence an action against it must be denied since the identities of the owner and operator of the vehicle were known. In an order dated December 2, 2022, the Supreme Court granted the petition. MVAIC appeals.
MVAIC was created to compensate innocent victims of hit-and-run motor vehicle accidents (see Matter of Bullock v Motor Veh. Acc. Indem. Corp., 219 AD3d 828, 829; Matter of Benalcazar v Motor Veh. Acc. Indem. Corp., 219 AD3d 826, 827). Insurance Law § 5218 provides, inter alia, that a person may apply to a court for an order permitting an action against MVAIC when, as relevant here, there is a cause of action to recover damages for personal injury arising out of the ownership, maintenance, or use of a motor vehicle, and when the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained (see id. § 5218[a]; Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 718). Where the court "is satisfied that, inter alia, all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, then it may issue an order permitting an action against MVAIC" (Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718 [internal quotation marks omitted]; see Insurance Law § 5218[b][5]; Matter of Bullock v Motor Veh. Acc. Indem. Corp., 219 AD3d at 830).
Here, the police accident report and the petitioner's notice of intention to make a [*2]claim demonstrated that the petitioner had knowledge and was able to ascertain the identities of the operator and owner of the motor vehicle that struck him. Moreover, MVAIC's submissions in opposition to the petition demonstrated that the petitioner commenced a separate action against, among others, the owner and operator of the motor vehicle to recover damages for personal injuries he allegedly sustained as a result of the incident on December 3, 2017. Therefore, the petitioner failed to sustain his burden under Insurance Law § 5218 of demonstrating, inter alia, that the identity of the motor vehicle and of the operator and owner cannot be ascertained, and the Supreme Court should have denied the petition (see Matter of Joseph v Motor Veh. Acc. Indem. Corp., 111 AD3d 831, 832; Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714, 715-716).
In light our determination, we need not reach MVAIC's remaining contention.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court