Kennedy v Marriott (2025 NY Slip Op 50012(U))

[*1]

Kennedy v Marriott

2025 NY Slip Op 50012(U)

Decided on January 8, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Supreme Court, Kings County

Marva Kennedy, Plaintiff,

against
Frank W. Marriott, "JOHN DOE NO. 1", "JOHN DOE NO. 2", 
 Names being Fictitious and Intended to be the Operator and/or Operator of Defendant's Motor Vehicle, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendants.

Index No. 534051/2023

Kaplan & Kaplan, Brooklyn (Cary Hunter Kaplan of counsel), for petitioner Marva Kennedy.
Peknic, Peknic & Schaefer, LLC, Long Beach (Thomas Chojnacki of counsel), for respondent Frank W. Marriott.
Law Office of Jaime E. Gangemi, New York City (James J. McGuire of counsel), for respondent Motor Vehicle Accident Indemnification Corporation.

Aaron D. Maslow, J.

The following papers were used herein: NYSCEF Document Numbers 11-12, 14-24, 28-29, 32-53.
This matter was commenced on November 20, 2023 as an action by Marva Kennedy, as plaintiff, against Frank W. Marriott and two John Does, as defendants, alleging that Kennedy was a pedestrian crossing the intersection of Church Avenue and New York Avenue, in Brooklyn, Kings County, State of New York, on June 11, 2023, when a dark colored sedan vehicle bearing New York license plate KDZ5830 negligently came in contact with her, causing her to be injured. It was further alleged that Marriott owned the vehicle and that Marriott or a John Doe operated it. (See NYSCEF Doc No. 1, complaint.) Kennedy answered the complaint, denying the allegations (see NYSCEF Doc No. 3, answer).
Kennedy filed an amended complaint on April 4, 2024, in which Motor Vehicle Accident Indemnification Corporation ("MVAIC") was added as a defendant. In an added cause of action it was alleged that Marriott denied involvement in the subject accident; that the operator of the vehicle had fled the scene without identification; that Progressive Insurance Company, which had insured the vehicle bearing New York plate KDZ5830 denied all claims resulting from the accident due to noninvolvement of their insured vehicle; that Kennedy was a qualified beneficiary of uninsured motorist benefits from MVAIC; and that MVAIC's denial of Kennedy's claim was improper. (See NYSCEF Doc No. 12, amended answer.)
MVAIC then moved on May 7, 2024 to dismiss the amended complaint "based upon plaintiff's failure to obtain the court's permission to sue MVAIC, MVAIC is not a proper party to sue and service of the amended supplemental summons and complaint is untimely and does not comply with CPLR 3025(a) and CPLR 3025(b)" (NYSCEF Doc No. 15, notice of motion). Included in MVAIC's motion papers was a copy of the police report indicating that Marva Kennedy stated that on June 11, 2023, at Church Avenue and New York Avenue, she was struck by a vehicle which fled the scene. The license plate listed for this vehicle was New York plate KDZ5830. (See NYSCEF Doc No. 18, police accident report.)
On September 13, 2024, Kennedy cross-moved for various branches of relief:
1. Order, pursuant to CPLR Sections 3025(b), granting plaintiff leave, nunc pro tunc, to file and serve the annexed Amended-Supplemental Summons and Verified Amended-Supplemental Complaint, and to deem same served with service of an Order with Notice of Entry granting the within cross-motion;
2. Order, pursuant to Section 5218 of the Insurance Law, permitting plaintiff, nunc pro tunc, to bring the within action against defendant MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION (MVAIC);
3. Order of reference to a Judicial Hearing Officer, pursuant to CPLR R4311, for a Framed Issue Hearing, to hear and determine, the issues of
a. Whether defendant FRANK W. MARRIOTT and/or defendant FRANK W. MARRIOTT's vehicle was involved in the subject accident or not; and
b. Coverage as between PROGRESSIVE INSURANCE COMPANY, on behalf of defendant FRANK W. MARRIOTT, and defendant MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, and which [ ] defendant must defend and indemnify the subject loss and cause of action; (NYSCEF Doc No. 32, notice of cross-motion.)
Accompanying Kennedy's cross-motion were a Notice of Intention to Make Claim to MVAIC, a household affidavit attesting to living alone, an NF-2 application for No-Fault benefits, and an examination under oath transcript (see NYSCEF Doc Nos. 34, 35). Kennedy testified at the EUO that she injured her left shoulder and had surgery on it (see NYSCEF Doc No. 35, EBT tr at 27-28).
On November 15, 2024, the Court adjourned the motions to November 25, 2024 for a hearing on the issue of whether Frank W. Marriott was involved in the June 11, 2023 motor vehicle accident.
At the hearing on November 25, 2024, conducted before the Court, Marva Kennedy testified that she resided at an address on East 34th Street in Brooklyn. She was 82 and retired. She had worked for 42 years at New York Life Insurance Company and had a B.A. in sociology. The weather was beautiful on June 11, 2023, when at around 3:30-4:00 p.m. she stepped into the curb at the intersection of Church Avenue and New York Avenue. She had the light in her favor but was struck by a car. She fell to her left. The car had four doors, was dark, and had chrome. A Black man was in the passenger seat. The driver made a U-turn. A woman gave her the license plate number and she confirmed it: "King Dog Zero 5830," in other words, KDZ5830. It was a white license plate. Someone helped her up. The police came — it seemed like a long time. Kennedy never had a driver's license and had no vehicle registered to her.
At the conclusion of the proceedings before the Court on November 25, 2024, the Court issued the following interim order:
Pursuant to CPLR 103 (c) and 2101 (f), this matter, commenced as an action, is deemed to be a special proceeding for leave to sue MVAIC. The amended/supplemental complaint (NYSCEF Doc No. 12) and the affirmation in support of the cross-motion (NYSCEF Doc No. 33) collectively are deemed the petition. The notice of cross-motion (NYSCEF Doc No. 32) is deemed the notice of petition. All other filings of Plaintiff are deemed exhibits to the petition. All filings of MVAIC are deemed opposition to the petition. To that extent, branch (1) of the cross-motion (MS 2) is GRANTED. Also, [*2]branch (3) of the cross-motion, seeking a framed issue hearing[,] is GRANTED. The hearing began today. Branch (2) of the cross-motion has not been determined yet. MVAIC's motion (MS 1) is DENIED.
The cross-motion (MS 2) is ADJOURNED further to Monday, December 30, 2024, as is the hearing, to be heard virtually via Microsoft Teams. By December 20, 2024, any affidavits from Frank W. Marriott and his family, as well as documentary evidence shall be submitted onto NYSCEF. (NYSCEF Doc No. 47, order.)
An affidavit of Frank W. Marriott dated December 8, 2024 was filed on December 19, 2024 as NYSCEF Document Nos. 48 and 50. Mr. Marriott attested that he resides in North Tonawanda, New York, which the Court notes is between Niagara Falls and Buffalo. On the date of the subject motor vehicle accident, he was the registered owner of a 2012 grey Dodge sedan bearing New York license plate KDZ5830. Prior to the accident date, he gave it to his daughter Rachel Marriott for her day-to-day use. Mr. Marriott denied that his vehicle was involved in the June 11, 2023 accident. He authenticated photos of the vehicle, including the front and rear license plates.
Also filed on December 19, 2024 as NYSCEF Document Nos. 49 and 51 was the affidavit of Rachel M. Marriott dated December 8, 2024. It states as follows:
1. I am a non-party in the above action.
2. On June 11, 2023, I resided at 72 Linwood Avenue, North Tonawanda, New York 14120.
3. Approximately five years prior to and including June 11, 2023, my father, Defendant FRANK W. MARRIOTT, gave me the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830, which Plaintiff MARVA KENNEDY claims was involved in an alleged accident on June 11, 2023, for my personal, day-to-day use.
4. On June 11, 2023, the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830 was in my control and possession.
5. On June 11, 2023, I drove the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830 to the home of my boyfriend, Kaden McNamara, at 651 Wall Street, North Tonawanda, New York 14120. The vehicle remained with me at the home of my boyfriend on June 11, 2023. I ordered food through Door Dash on June 11, 2023 which was delivered to the home of my boyfriend. A copy of the receipt is attached.
6. At no time on or prior to June 11, 2023, did I travel to Church Avenue at its intersection with New York Avenue, Brooklyn, New York in the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830.
7. At no time on or prior to June 11, 2023, did I give the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830 to anyone to use.
8. Neither I nor the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830 were involved in the alleged accident on June 11, 2023.
9. On June 11, 2023, the 2012 grey Dodge sedan bearing New York State License Plate KDZ5830 was in Niagara County, New York at the home of my boyfriend and did not travel to Church Avenue at its intersection with New York Avenue, Brooklyn, New York, where the Plaintiff claims the vehicle was involved in the alleged accident.
10. I affirm the contents of this Affidavit to be true under the penalties of perjury. [*3](NYSCEF Doc No. 49 at 1-2.)
Accompanying the affidavit were screenshots concerning an order from Outback Steakhouse to 651 Wall Street, North Tonawanda, NY, on June 11, 2023 (see id. at 3-4).
Finally, the record in this matter concludes with NYSCEF Document Nos. 52 and 53: Marva Kennedy's December 21, 2024 affirmation, confirming that the vehicle described by the Kennedy affiants and depicted in the submitted photographs was not the one which struck her:
I am the plaintiff in the within action, and I submit this Affirmation in opposition to Motion Sequence 1 and in support of Motion Sequence 2.
I have reviewed the Affidavit of defendant FRANK W. MARRIOTT, dated 12/8/24, and the photos of the Marriott's 2012 grey Dodge sedan bearing New York State license plate number KDZ5830.
This is not the vehicle that struck me on 6/11/23 at Church Avenue and New York Avenue, Brooklyn, New York, and then fled the scene of the accident.
The vehicle that struck me on 6/11/23 at Church Avenue and New York Avenue, Brooklyn, New York, was a dark-colored vehicle with lots of chrome on the front. The vehicle in the Affidavit of defendant FRANK W. MARRIOTT is a light-colored vehicle without any chrome on the front.
Upon information and belief, either (1) the license plate on the vehicle that struck me on 6/11/23 was from a state other than New York State, or (2) while I was on the ground and in a dazed and panicked state of mind after being struck, I incorrectly recorded the license plate of the hit-and-run vehicle.
Based on the Court's review of the papers used herein (listed supra at 1) and the November 25, 2024 in-court testimony of Marva Kennedy, the Court makes the following findings of facts which are deemed established by a preponderance of the evidence and reaches the following conclusions of law which the Court deems established by the evidence:
FINDINGS OF FACT:
1. Marva Kennedy seeks leave to commence an action in this Court against MVAIC, in connection with the negligent operation of a hit-and-run vehicle that struck her, as a pedestrian, at the intersection of Church Avenue and New York Avenue, in the Borough of Brooklyn, Kings County, State of New York, on June 11, 2023.
2. As a result, Kennedy alleges that she sustained serious and permanent injuries including, but not limited to, her left shoulder.
3. The vehicle which struck Marva Kennedy that day was dark colored and had chrome on the front and fled the scene.
4. The New York City Police Department prepared an accident report concerning the June 11, 2023 accident in which a vehicle struck Marva Kennedy at the site of the accident on the same day.
5. While Marva Kennedy initially stated that the vehicle which struck her bore New York license plate KDZ5830, she erred.
6. It is possible that the license plate number was misrecorded or was not a New York [*4]State-issued one.
7. The misinformation concerning the license plate occurred due to Marva Kennedy's being in a dazed and panicked state of mind, having just been struck by a vehicle.
8. After she timely filed with MVAIC a notice of intention to make claim in affidavit form and setting forth the supporting facts, Marva Kennedy sought leave to permit maintenance of the within action against MVAIC nunc pro tunc pursuant to Insurance Law § 5218.
9. On the day of the accident, Marva Kennedy lived alone, did not have a driver's license, and did not have a motor vehicle registered to her.
10. On June 11, 2023, Marva Kennedy was not covered by any insurance policy which would provide liability coverage to someone for having proximately caused personal injuries to her.
11. After investigation, the identity of the hit-and-run vehicle which struck Marva Kennedy on June 11, 2023, and the identity of the operator of said vehicle, remain unknown, unascertainable, and not established.
12. Marva Kennedy has a cause of action for personal injuries arising out of the hereinabove described motor vehicle accident against the unknown and unascertainable person who operated the vehicle which struck her.
13. The motor vehicle which struck Marva Kennedy on June 11, 2023 did not in fact bear New York license plate KDZ5830.
14. The motor vehicle bearing New York license plate KDZ5830 is owned by Frank W. Marriott, was not present in Kings County on June 11, 2023, and nobody operated it at the location of the aforesaid June 11, 2023 accident in which Marva Kennedy was struck.
15. Frank W. Kennedy is not liable for the injuries sustained by Marva Kennedy proximately resulting from the aforesaid June 11, 2023 motor vehicle accident.
16. Marva Kennedy is still making a claim for damages sustained in the form of personal injuries.
CONCLUSIONS OF LAW:
Pursuant to the Motor Vehicle Accident Indemnification Corporation Act, Article 52 of the Insurance Law is intended to compensate, through MVAIC (created in 1958), innocent victims of motor vehicle accidents caused by, inter alia, unidentified motor vehicles which leave the scene of the accident (see Insurance Law § 5201; Matter of Rosado v Motor Veh. Acc. Indem. Corp., 171 AD3d 1074, 1075 [2d Dept 2019]; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1348 [2d Dept 2014]; Matter of Acosta-Collado v Motor Vehicle Accident Indemnification Corporation, 103 AD3d 714, 715 [2d Dept 2013]); Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509, 510 [2d Dept 1983]).
The statutory provisions creating and regulating MVAIC are to be liberally construed to serve their ends (see Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 227 [2d Dept 2011]; Matter of Gurvich v Motor Veh. Acc. Indem. Corp., 66 AD3d 677, 678 [2d Dept 2009]; Matter of Dixon v Motor Veh. Acc. Indem. Corp., 56 AD2d 650, 651 [2d Dept 1977]).
Insurance Law § 5218 sets forth the procedure for applying to a court for leave to commence an action against MVAIC in a hit-and-run case. This statute provides, inter alia, that a person may apply to a court for an order permitting an action against MVAIC when, as is [*5]relevant here, there is a cause of action to recover damages for personal injury arising out of the ownership, maintenance, or use of a motor vehicle, and when the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained (see Insurance Law § 5218 [a]); Matter of Misir v Motor Veh. Acc. Indem. Corp., 230 AD3d 1317, 1318 [2d Dept 2024]; Matter of Benalcazar v Motor Veh. Acc. Indem. Corp., 219 AD3d 826, 827 [2d Dept 2023]; Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 718 [2d Dept 2019]).
A petitioner seeking leave of court to commence an action against MVAIC has the initial burden of demonstrating that he or she is a "qualified person" with the meaning of Insurance Law § 5202 (b) and by making an evidentiary showing that he or she has satisfied certain other statutory requirements (see Matter of Mele v Motor Veh. Acc. Indem. Corp., 186 AD3d 1375, 1375-1376 [2d Dept 2020]; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d at 1349; Matter of Laszlone v Motor Veh. Acc. Indem. Corp., 167 AD3d 894, 894 [2d Dept 2018]).
If the court, after a hearing, is satisfied that, inter alia, all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator, and the identity of the motor vehicle and the owner and operator cannot be established, then it may issue an order permitting an action against MVAIC (see Insurance Law § 5218 [b] [5]; see Matter of Benalcazar v Motor Veh. Acc. Indem. Corp., 219 AD3d at 827 [2d Dept 2023]; Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718 [2d Dept 2019]); Matter of Acosta—Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d at 715—716 [2d Dept 2013]).
In a special proceeding, generally, if no triable issues of fact are raised, the court is empowered to make a summary determination (see CPLR § 409 [b]). However, if triable issues of fact are raised, an evidentiary hearing must be held (see CPLR § 410). Such a hearing was held in the instant action, which was converted to a special proceeding wherein Marva Kennedy sought leave to commence an action against MVAIC.
Marva Kennedy has established that she is an uninsured resident of New York, and, therefore, a "qualified person" pursuant to article 52 of the Insurance Law (see Insurance Law § 5202 [b]). Moreover, she reported the accident to the New York Police Department on the date of the accident when they arrived at the scene (see id. § 5208 [a] [2]). Additionally, Marva Kennedy established that on the day of the accident, she was a pedestrian and neither she nor any member of her household owned a motor vehicle; in fact, she lived alone. She was not insured at the time of the accident under any policy of insurance which would provide liability coverage to someone for having proximately caused personal injuries to her in a motor vehicle accident. After investigation, the identity of the hit-and-run vehicle remains unknown. Furthermore, Marva Kennedy timely served a notice of claim upon MVAIC within 90 days of the accident setting forth the requisite statements. (See id. §§ 5208 [a] [2] [A], 5218 [a] [b]; Acosta-Collado v Motor Vehicle Accident Indemnification Corporation, 103 AD3d 714 [2d Dept 2013].)
While MVAIC opposed granting leave to Marva Kennedy to commence an action against it on the basis that Marva Kennedy identified a license plate of the vehicle which struck her, it is clear to this Court that an error was made and that the vehicle which bore said plate on the date of the accident was not involved and was not even in Brooklyn at the time. An error in misidentification of the plate number of the vehicle which strikes a qualified person is not a bar to obtaining leave to commence an action against MVAIC (see Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d at 718 [2d Dept 2019]; Matter of Smith v Motor Veh. Acc. Indem. Corp., 33 AD2d 786 [2d Dept 1969]).
Marva Kennedy has sustained her burden of establishing entitlement to leave to [*6]commence a plenary action against MVAIC for personal injuries proximately resulting from the aforesaid accident (see Insurance Law § 5218 [d]).
Inasmuch as Frank W. Marriott established that his vehicle was not present in Brooklyn on June 11, 2023, the date of the accident, he is free of liability (see Han Hao Huang v Doe, 169 AD3d 1014 [2d Dept 2019] [no duty of care owed by person whose vehicle not present]). A declaration to that effect is appropriate.
Accordingly, IT IS HEREBY ORDERED as follows:
(1) To reflect the converted status of this action to a special proceeding, the Clerk shall amend the caption herein to read as follows:
SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY
In the Matter of the Application of
MARVA KENNEDY,
Index No. 534051/2023
Petitioner,
-against-
FRANK W. MARRIOTT, "JOHN DOE NO. 1", "JOHN DOE NO. 2", Names being Fictitious and Intended to be the Operator and/or 
Operator of Defendant's Motor Vehicle, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION,
Respondents,
for leave to commence an action against Motor Vehicle Accident Indemnification Corporation.
(2) It is declared that respondent Frank W. Marriott bears no liability for any personal injuries sustained by petitioner Marva Kennedy as a result of a motor vehicle accident which occurred on June 11, 2023, at the intersection of Church Avenue and New York Avenue, in Brooklyn, Kings County, State of New York, and this proceeding is dismissed as to respondent Frank W. Marriott.
(3) The petition of Marva Kennedy seeking leave to commence an action against Motor Vehicle Accident Indemnification Corporation[FN1]
 for personal injuries sustained as a result of being struck by an unknown and unascertainable person operating an unidentifiable vehicle on June 11, 2023 at the intersection of Church Avenue and New York Avenue, in Brooklyn, Kings County, State of New York, is GRANTED.
(4) Petitioner Marva Kennedy shall serve a copy of this decision and order with notice of entry upon respondents Frank W. Marriott and MVAIC via first-class mail and electronically, no later than ten days following entry thereof.
(5) Petitioner Marva Kennedy is entitled to statutory costs and disbursements of this proceeding.
(6) Petitioner Marva Kennedy is granted leave to submit to the Clerk a judgment in proper form, reflecting this order and, upon submission of a bill of costs and disbursements, providing for statutory costs and disbursements.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: This relief was sought in the second branch of petitioner Kennedy's cross-motion (Motion Seq. No. 2).